STATE OF IOWA, Appellee, v. ED. DIMMITT, Appellant.

CRIMINAL LAW: Included Offenses. The submission of an includ-
1   ed lower offense cannot be error, when the record would justify a conviction for the higher offense, or when the record presents any fair question whether the accused is guilty of the higher or of the lower offense.

CRIMINAL LAW: Direct Evidence Received on Rebuttal. Receiv-
2   ing direct evidence at a time given over to rebuttal evidence is not, ordinarily, reversible error.

CRIMINAL LAW: Assignment of Error. An assignment of error
3   to the effect that "the court erred in giving each and every instruction," without brief point, presents no question for review.

CRIMINAL LAW: Newly Discovered Evidence. Newly discovered
4   evidence, especially when accompanied by no showing whatever of diligence in discovering it, is not ground for a new trial, in criminal cases.

*Appeal from Polk District Court.*—CHARLES HUTCHINSON, Judge.

OCTOBER 25, 1918.

INDICTMENT charging murder in the first degree. Con-

viction of murder in the second degree.   Defendant appeals.
—*Affirmed*.

*J. B. Rush* and *J. F. Conrad,* for appellant.

*H. M. Havner,* Attorney General, *F. C. Davidson,* Assistant Attorney General, *Ward C. Henry, Arthur T. Wallace, Arthur G. Rippey,* and *Louis E. Cohen,* for appellee.

SALINGER, J.—I.   The testimony of quite a large number of witnesses was addressed to an alibi.   Some of these are discredited.   The testimony of others is loose as to time. Take the evidence as a whole, and we cannot say it was so conclusively made to appear that defendant could not have committed the crime with which he is charged that we can interfere with the verdict on the ground that an alibi was established.

II.   It is made out beyond all question that one Chrisinger was murdered by someone, and that he came to his death through a crushing blow upon the head, struck with some blunt, heavy instrument.   A bloody hammer was found near him, and, beyond all doubt, is the lethal instrument.   It is urgently insisted that the verdict finding defendant guilty of this crime is not sustained by the evidence.   This contention takes two forms.   One of them is that there is no evidence to sustain the verdict of murder in the second degree, because, under the evidence, the crime could be found to be nothing below murder in the first degree.

It is only where the court may hold, as matter of law, that, if any wrong was done, the highest offense charged was committed, that included offenses need not be submitted.   In other words, the exclusion of an included offense is, in a sense, a direction for defendant; wherefore, it is proper to exclude the offense only if it be proper to direct a verdict of acquittal, were defendant charged with the higher offense

1. CRIMINAL
   LAW: included
   offenses.

alone. If there is room for reasonable difference of opinion whether the highest offense charged was committed, the defendant cannot make the point that it was error to convict him of the lower. In such case, his complaint amounts to a claim that, by possibility, the jury dealt too leniently with him; and, of course, that does not lie in his mouth. *State v. Brooks,* 181 Iowa 874. In this case, the jury either was not as harsh as it was justified in being, or else the condition of proof makes it fairly a jury question whether the highest or some lower offense should be convicted for.

The second argument is that the evidence is not sufficient to prove that defendant is the person who killed Chrisinger. On analysis, it is not claimed that there is no testimony showing defendant's guilt, but that the testimony is utterly insufficient, if that of two witnesses who were accomplices be, as it should be, excluded. We have to say that there was enough corroboration to send the corroboration of these two witnesses to the jury. That is so clearly true that it would serve no useful purpose to set out the corroborating matter. Indeed, there is one witness who is not an accomplice, and who comes near to saying the equivalent of having actually seen defendant perpetrate the deadly assault. At any rate, if the jury might believe this witness, she testifies to enough so that no one will claim that there is not sufficient corroboration. It is true there is testimony that tends to impeach this one witness, but her credibility was for the jury.

III. One witness, a street car conductor, was asked, on rebuttal, when, with reference to the time Chrisinger was murdered, the defendant boarded his car. It was objected that this was evidence in chief, and not permissible as rebuttal. The objection was overruled, and that ruling is now complained of. This was testimony tending to meet the alibi attempted for the defendant, and is, there-

2. CRIMINAL LAW: direct evidence received on rebuttal.

fore, clearly rebuttal. If it were not, the mere order and time of receiving testimony is very largely in the discretion of the trial judge, and we cannot say that such discretion was abused, here.

IV. The only "error relied on for reversal" concerning the giving of instruction is, "The court erred in giving each and every instruction to the jury." There is no brief point. In this state of the record, we are not called upon to review the instructions. In principle, *State v. Barr*, 123 Iowa 139, is our justification for refusing such consideration here.

3. CRIMINAL LAW: assignment of error.

V. Something which amounts to no more than the old-fashioned assignment of errors attacks the verdict. The statement is that the verdict was contrary to Instruction No. 10. That instruction is a correct definition of what constitutes an accomplice, and of what corroboration is required to make the testimony of one admissible. The claim that the verdict conflicts with this instruction is another way of stating that the evidence will not sustain the verdict if the testimony of the accomplices be excluded. This point, we have already disposed of.

VI. The defendant filed a motion for new trial, and in arrest of judgment. One ground of the motion was newly discovered evidence, as shown by the affidavit of one Stanton, attached to the motion as part thereof. We will assume, for the purposes of statement, that said affidavit discloses that Stanton could give important testimony for the defense. But there is nowhere the slightest showing why Stanton was not made a witness, or that he could not have been made one. There is not so much as a claim that there is a reason for his nonproduction, or that the defendant used any diligence to procure his testimony. Moreover, the brief for the appellant does not as much have an error point, to say nothing of a brief point, on the matter. The brief

4. CRIMINAL LAW: newly discovered evidence.

in one "error relied on for reversal" merely sets out that the defendant asks a new trial because of newly discovered evidence, as shown by the affidavit of Stanton, and then sets out the affidavit. Moreover, the ground urged is not available in a criminal prosecution.

We find no error, and the judgment below stands—*Affirmed.*

PRESTON, C. J., LADD and EVANS, JJ., concur.