The State v. Brundige.

---

No. 24,781.

The State of Kansas, *Appellee,* v. James Brundige, *Appellant.*

SYLLABUS BY THE COURT.

1. Burglary—*Evidence.* The evidence in a burglary case is held to support a conviction.

2. Same—*Instruction—Possession of Recently Stolen Goods.* An instruction concerning the evidential effect of the possession of recently stolen goods is held not to warrant a reversal.

3. Burglary and Larceny—*Instruction Concerning Effect of Possession of Recently Stolen Goods.* In an appeal from a conviction of burglary, where larceny was also charged, the omission to instruct concerning the different effect of evidence of the possession of recently stolen goods with regard to the two offenses is held not to be a ground of reversal, no such instruction having been asked.

4. Same—*Limiting Cross-examination.* It is held that no reversible error was committed in limiting the scope of cross-examination.

5. Same—*Numerous Counts in Information—Verdict of Not Guilty on Several Counts Directed—Proper Instructions.* Where a direction was given to return a verdict of not guilty on several counts of an information the omission to charge specifically that the evidence upon them should not be considered in reaching a verdict on the other counts is not shown to have been prejudicial.

6. Same—*Inconsistent Verdict—Guilty of Burglary—Acquittal of Larceny—No Prejudicial Error.* Where the evidence shows that if the defendant was guilty of either larceny or burglary he was guilty of both he cannot on appeal effectively complain of the inconsistency of the jury in convicting him of burglary and acquitting him of larceny.

Appeal from Osborne district court; William R. Mitchell, judge. Opinion filed December 8, 1923. Affirmed.

*N. C. Else,* and *J. F. Tillman,* both of Osborne, for the appellant.

*C. B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, and *Omar D. Gregory,* county attorney, for the appellee; *H. McCaslin,* of Osborne, of counsel.

The opinion of the court was delivered by

MASON, J.: James Brundige was charged with burglary and larceny and convicted of the former only. He appeals.

1. The principal question presented is whether the evidence was sufficient to sustain the conviction. We think the defendant's guilt could reasonably be deduced from testimony tending to show these facts:

About 125 bushels of wheat was stored in an old farmhouse used as a granary. At about sunrise of the morning of December 5, 1921, a window in the house, which had previously been nailed shut on the inside, and was in that condition on the day before, was found open, and from 20 to 25 bushels of the wheat was gone, some of it being spilled on the window sash and the ground. There had been a heavy frost, and the fresh tracks of an automobile were plainly visible. A party of neighbors followed them for a little over seven miles to an old house used by defendant, which was empty except for a small stove and a pile of wheat—of the quantity and appearance of that stolen—in a room to the window of which the car had been backed up. Later in the day—about 11 o'clock—the sheriff with others came to this house and found the wheat gone. As they were approaching it they saw a car about half a mile from it corresponding in appearance to a Ford belonging to the defendant, having a homemade top. Tracks of a car taking the course indicated by the Ford they had seen were followed and the wheat was found dumped on the ground in a pasture about a mile from the house. The tracks from the house from which the wheat was stolen looked like those of a Ford. They appeared to be made by new nonskid tires, the bars of the rear tires running lengthwise and those of the front tires crosswise of the road. On December 1 the rear tires of the defendant's car were rough. Two days after the burglary one rear tire was smooth and the defendant tried to exchange the other for a smooth tread tire of less value, but the offer was refused. He did however trade the body of his car, having the homemade top, for a racer. There was scattered wheat in the cracks of the body he traded. The defendant did not testify. Testimony of members of his family tended to establish an alibi.

2. Complaint is made of the giving of an instruction reading:

"The possession of recently stolen property is *prima facie* evidence of guilt and throws upon the possessor the burden of explaining such possession, and

if unexplained, may be sufficient of itself to warrant a conviction, yet, when recently stolen property is found in the possession of another if the attending circumstances, or, from any explanation made, or in view of all the evidence or lack of evidence, if any, there remains a reasonable doubt as to whether or not such person stole the property, he should not be convicted."

Instructions open to the same objections as this have been held not to require a reversal. (*The State v. Hoffman,* 53 Kan. 700, 708, 37 Pac. 138; *The State v. White,* 76 Kan. 654, 663-4, 92 Pac. 829.) There is nothing in the facts of the present case to call for a more rigorous rule than that applied in the cases cited.

3. The defendant complains also that the jury were not told whether the instruction quoted applied to the charge of larceny or to that of burglary—that is, whether the unexplained possession of recently stolen property might of itself authorize a conviction of larceny or of burglary. The recent possession of stolen property by itself is not necessarily proof of burglary (*The State v. Powell,* 61 Kan. 81, 86, 58 Pac. 968) and the giving of an instruction to that effect might in a particular case be prejudicial. But here there is no basis in the evidence for a substantial doubt that whoever stole the wheat also broke into the house in which it was stored, and especially in view of the fact that no instruction was asked on the subject the omission to point out specifically in connection with the instruction covering recent possession the need of proving a breaking to constitute burglary is not a ground of reversal. Moreover it is reasonable to assume that the jury understood that evidence of recent posession bore directly only upon the offense of larceny.

4. A witness for the state testified to the appearance of the defendant's Ford, which that of the witness resembled in having a homemade top. He was asked in chief whether on the 6th of December he had had his car near where the wheat was found after its second removal and answered in the negative. Questions were asked by the defendant's counsel about his having been in the vicinity at other times, to which objections on the ground that they were not cross-examination were sustained. The ruling is complained of. It does not appear that the rejected questions had any close relation to those asked by the state or to the matters in controversy. No statement was made as to what was desired to be shown or what could have been shown. The same witness was called in behalf of the defendant and nothing throwing light on these mat-

ters was then developed. , The trial court has considerable latitude in controlling the scope of cross-examination, and it does not appear that .its discretion was here abused or that any prejudice resulted to the defendant.

5. The information had four additional counts charging other offenses, concerning which evidence was introduced by the state. The court directed a verdict of acquittal on these counts. Complaint is made of the admission of this evidence and of the failure of the court to withdraw it from the jury. The evidence was properly admitted while the charges were pending, and in directing a verdict of not guilty on the counts to which it applied the court in effect withdrew it from the consideration of the jury. In the absence of a request there was no occasion for a more specific instruction concerning it.

6. It is urged that the jury were inconsistent in finding the defendant guilty of burglary and not guilty of larceny and that the conviction should therefore be set aside. The charge of inconsistency is well founded. Undoubtedly the defendant was guilty of both burglary and larceny or he was not guilty of either. But the failure to convict him of larceny as well as of burglary was an error in his favor of which he cannot effectively complain. (*The State v. Brizendine*, ante, p. 699.) The jury may have seen fit to relieve the defendant of punishment for larceny as an act of clemency. The situation is much the same as where under evidence showing the defendant to be guilty of a greater offense if of any at all the jury find him guilty of a lesser one included within it, the verdict being permitted to stand because the error does him no possible injury. (*The State v. Yargus*, 112 Kan. 450, 211 Pac. 121.)

The judgment is affirmed.