434

## STATE v. GORDON et al.

Common Pleas Court, Butler County.

No. 13678.  Decided September 27, 1948.

Paul A. Baden, Pros. Atty., Hamilton, for State.
Theodore Weiss, J. Joseph Marr, Hamilton, for Gordon.

## OPINION

By CRAMER, J.

This cause is now before the court upon the separate motions for new trial of each of the defendants herein.

The defendants were jointly indicted and jointly tried on an indictment charging them with murder in the first degree. The jury returned separate verdicts as to each of the defendants and found the defendant Cyril Gordon guilty of murder in the first degree with a recommendation of mercy and found the defendant Marie Abbott guilty of murder in the second degree.

The court will first take up for consideration the motion for new trial of the defendant Marie Abbott.

Numerous grounds are set out in support of the granting of such motion. In the oral argument on the motion but two of such grounds were urged with any degree of seriousness. The first of which was the action of the court in granting the Prosecuting Attorney's motion for a joint trial and refusing to order separate trials. At the close of the State's case and again at the close of the entire case, this defendant again raised the question of error in the granting of the Prosecuting Attorney's motion.

Before passing upon the State's motion for a joint trial, prior to the commencement of the trial, the Court considered this question at length. The Court concluded after a thorough examination of the authorities that the State's motion for a joint trial should be allowed. In view of the court's examination of this question at the time originally raised and further in view of the fact that counsel for Marie Abbott have submitted no law since the original ruling which would indicate that the court was in error in granting the motion, the court adheres to the holding previously made that there was no error in ordering a joint trial.

The second ground relied upon by counsel for Marie Abbott in her motion for a new trial is that the court erred in failing to confine and limit its charge in reference to the defendant Marie Abbott to first-degree murder. It is the claim of the defendant that the court erred in charging the jury as to the lesser degrees of homicide in respect to her case, namely second-degree murder and manslaughter in the first degree.

The theory which Marie Abbott advances is that she admittedly did not do the manual act of killing Morris Abbott and that her guilt therefore depended upon it being proved by the State that she was an aider and abettor and conspired

with her co-defendant in the killing of Morris Abbott. That if the State proved that she conspired with Cyril Gordon to kill her husband then the homicide, in so far as she was concerned, was necessarily committed purposely and with premeditated and deliberate malice. That therefore she was guilty of first-degree murder or not guilty and that the evidence as to her, admitted of no lesser degrees of homicide. In substance it is her claim that there was no evidence whatever as to any lesser degrees of homicide and that to permit the jury to convict her of any offense less than murder in the first degree was prejudicial to her.

Considerable weight is given by her counsel, in support of this claim, to the case of **Bandy v. State, 102 Oh St 384, 131** N. E. page 499, 504, 21 A. L. R. 594. The syllabi of that case are as follows:

"1. Murder in the first degree, literally considered, necessarily includes murder in the second degree and manslaughter. Whether in an indictment for murder in the first degree in the perpetration of a robbery, a charge is warranted as to murder in the second degree, or manslaughter, depends, however, not merely upon whether or not these are literally included in the formal charge, but upon whether or not there is any evidence tending to support a charge of murder in the second degree, or manslaughter.

"2. If the indictment charges murder in the first degree in the perpetration of a robbery, under §12400, GC, and there is no evidence tending to support a charge of murder in the second degree, or manslaughter, as distinguished from murder in the first degree, then the defendant, upon the failure of proof as to murder in the first degree, is entitled to an acquittal, and, in such case, it is not error for the court to refuse to charge either murder in the second degree or manslaughter."

In our opinion the Bandy case, supra, is merely a reiteration of what has long been the law of Ohio. That case by no means, in our opinion, supports the claim of the defendant made in this case. The court had under consideration a case of murder in the first degree in the perpetration of one of the enumerated felonies, namely, robbery. Under our statute, §12400 GC, where a homicide is purposely committed in the perpetration of one of the enumerated felonies, deliberate and premeditated malice are not essentials of murder in the first degree and need not be proved. All that need be proved

is the commission of such a felony, or an attempt to commit it, and the homicide resulting therefrom.

It is to be noted that the first syllabus of the Bandy case, supra, holds that "murder in the first degree, literally considered, necessarily includes murder in the second degree and manslaughter." In that case, Judge Wanamaker at the conclusion of the opinion states the following: "So far as generalizations are possible in case of murder in the first degree, it may fairly be said that in murder in the first degree, where there is charged an unlawful killing, intentionally done, with deliberate and premeditated malice, the general rule would be that the lesser degrees would not only be included in the formal charge, but suggested or supported by some of the evidence in the case, and that therefore a refusal to charge upon the lesser degrees should be the exception. Whereas, in cases of murder in the first degree, where an intentional killing was charged in the commission of some felony enumerated in the statute, there would doubtless be a more equal division as to whether or not the evidence showed any lesser degree than the one literally charged. Probably in this class of cases it might be said that the lesser degrees would be the exception."

At this point it might be well to observe that if Marie Abbott's position in respect to this claim is tenable, she is entitled to an outright discharge rather than a new trial. The jury's verdict of second-degree murder necessarily implied acquitting her of murder in the first degree. Therefore, if there was no evidence respecting murder in the second degree or manslaughter on which a jury could base its verdict in respect to either of these offenses, then an outright acquittal and discharge of Marie Abbott would be in order.

Let us assume that murder in the first degree committed with premeditation and deliberation does not necessarily include the lesser degrees of second-degree murder and manslaughter. Let us further assume that there is no evidence which shows or tends to show any offense less than murder in the first degree and further assume that under such circumstances it is prejudicially erroneous for the court to submit verdicts to a jury wherein they are permitted to find a defendant guilty of such lesser offenses. Our next inquiry, in that event, should be: Was there any evidence in the case at bar which showed or tended to show Marie Abbott guilty of an offense less than murder in the first degree?

The answer to this question is found in the law of this state respecting the criminal liability of the aider and abettor, the conspirator.

**Sec. 12380 GC,** provides as follows: "Whoever aids, abets, or procures another to commit an offense may be prosecuted and punished as if he were the principal offender."

Aiding, abetting or procuring a crime to be committed is under this statute a substantive and independent offense. It is, however, a substantive and independent offense only in the sense that the offender may be tried and convicted without the trial and conviction of the principal' offender. **12 O. Jur., page 86.**

A consiprator under our law is regarded in much the same light as an aider and abettor and the courts have treated conspirators, in conspiracies to commit crime, as aiders and abettors. See **Volume 8, O. Jur., pages 54 and 57;** also **State v. Doty, 94 Oh St 258, 113 N. E. 811.**

Under our law where two persons agree and conspire to commit an offense amounting to a crime, each of the parties to such conspiracy is equally and fully responsible for the acts of the other in carrying out the common purpose of the conspiracy. The conspirator is equally guilty with the perpetrator of the crime committed. Under the aider and abettor statute the conspirator is not only made liable to like punishment as the principal offender, but he is declared to be guilty of the same offense. His act is declared, equally with the act of the principal offender, to be a crime. See **State v. Doty, 94 Oh St 258, 113 N. E. 811; Haas v. State, 103 Oh St 1, 132 N. E. 158, 17 A. L. R. 1164; 12 O. Jur., pages 93, 94, 95, 96, 97;** also **Goins v. State, 46 Oh St 457, 21 N. E. 476.**

The statute defining the offense of aiding and abetting makes the existence of that offense dependent upon the actual perpetration of a crime by the person who is aided and abetted. The offense of a conspirator or an accessory before the fact does not rest alone upon instigation or aiding and abetting. Dual elements must occur; first, the aiding and abetting or conspiring, and second, the consummation by the principal offender. It is only when the principal offender has acted that the aider and abettor becomes amenable to the law. See **12 O. Jur., page 96;** also Moore v. Lowe, 116 W. Va. 165, 180 S. E. 1.

Either—the principal or aider and abettor—may be tried and convicted independent of the other. It is not essential that the principal be prosecuted for the crime but the jury must be satisfied that he is guilty in order to arrive at a verdict against the aider and abettor. See **12 O. Jur., pages 96, 97;** also **Searles v. State, 6 Ohio Cir. Ct. R. 331.**

It has likewise been held that the aider and abettor can-

not be convicted in the same proceeding by the same jury that acquits the principal. See **State v. Nowak, 16 Ohio Cir. Ct. R., N. S., 596.**

A case which well illustrates the principle discussed is that of **Haas v. State, 103 Oh St 1, 132 N. E. 158, 17 A. L. R. 1164.** In that case the court held that evidence which supported a charge of burning one's own building for the purpose of prejudicing an insurance company, under §12434 GC, will not warrant a conviction of arson under §12433 GC. It further held that where the owner procures another to burn the owner's building, or consents to the burning thereof, such burning is not a malicious burning of the property of another in violation of §12433 GC.

In the course of the opinion the court, in commenting on the aider and abettor statute, §12380 GC, stated as follows:

"This is but declaratory of the long-recognized principle that generally what one may do in person he may do through the agency of some one else, and in so far as its application to the criminal law of Ohio is concerned, and in so far as it is a departure from the common law, it simply obviates the necessity of specifically charging such person as an aider and abettor, and enables the prosecution of a principal or an aider, or both, under the same or a like indictment."

"It is but the application of ordinary logic to say that if the aider and abettor is guilty of the same crime as the principal, and may be prosecuted as a principal, that the principal is guilty of the same crime as the aider and abettor; that in law the action of the one is treated as the action of both, and that the actions of both are no different than though the separate acts of each were performed by one person."

The court charged the jury in substance that before Marie Abbott could be convicted of any offense charged or included in the indictment the State had to prove that she conspired with Cyril Gordon to kill her husband and that unless such conspiracy was proved, she was to be acquitted, and that the State had to further prove that pursuant to that conspiracy Cyril Gordon committed a crime. The court defined the various degrees of homicide and what was required to be proved by the State before Cyril Gordon could be convicted of any of such degrees. The court also charged that if a conspiracy had been proved and that Cyril Gordon committed an offense under the indictment, in furtherance of that conspiracy, then

Marie Abbott would be equally guilty with him of the crime so committed.

Since there was evidence which, if believed by the jury, would have sustained a finding by the jury that Cyril Gordon was guilty of murder in the second degree, and since, as we have seen, Marie Abbott's guilt was dependent upon Cyril Gordon having committed an offense, it certainly follows that there was evidence, in respect to Marie Abbott, upon which the jury's verdict of second-degree murder could be sustained. The fact that the jury found Marie Abbott guilty of a lesser degree of homicide than that of which they convicted Cyril Gordon, the perpetrator, by no means determines that there was no evidence respecting the lesser degree of homicide. Such a verdict as to Marie Abbott might be attributable to the caprice of the jury. To say that there was no evidence upon which to base a conviction against Marie Abbott is to say that there was no evidence upon which the jury could have returned a verdict of second-degree murder as to Cyril Gordon. And as we have already stated, it is our opinion that there was evidence which, if believed by the jury, would have sustained the verdict of second-degree murder as to the defendant Gordon.

If we follow this defendant's contention to its logical conclusion, we would be required to hold that where a conspiracy to kill is proved and a homicide results, the conspirator is guilty of murder in the first degree irrespective of whether the actual killing constituted a crime. An example of the fallacy of such a contention is found in the case of Harper v. State, 83 Miss. 402, 35 So. 572. In that case the court charged the jury that if they believed that the perpetrator "shot and killed" the deceased and that the defendant aided and abetted the perpetrator in killing the deceased, then the aider and abettor was guilty of murder. The appellate court in passing on that charge held that the error in such an instruction was glaring and manifest since it made the aider and abettor guilty of murder if the perpetrator shot and killed the deceased and the defendant aided and assisted therein, without regard to whether the perpetrator had committed any offense in shooting the deceased.

It should be remembered that homicide as such is a crime in this state only if it is either murder in the first degree, second degree or manslaughter, each of which offenses is a separate crime.

In our opinion this defendant's position is further untenable in view of the fact that her contention assumes that the mere conspiring by one with another to kill must neces-

sarily be with deliberate and premeditated malice. This does not follow in view of the fact that an instigator may act in hot blood, in which case he will be guilty only of manslaughter, while the perpetrator may act coolly and thus be guilty of murder. The converse also may be true; the instigation may be cool and deliberate, the execution in hot blood by a person whom the instigator finds in a condition of unreasoning frenzy. See Wharton's Criminal Law, 12th Ed., Sections 269 and 276.

There was evidence in this case from which the jury could find that the conspiring by Marie Abbott was done purposely and maliciously to kill her husband, thus characterizing her conduct as constituting murder in the second degree. At any rate the evidence is not such in this respect that it admits of no other conclusion than that the conspiring was with deliberate and premeditated malice.

It is our conclusion that under the evidence and the law no error was committed in submitting to the jury the lesser degree of homicide, namely, second-degree murder as to Marie Abbott; to the contrary we are of the opinion that to have restricted the jury in its finding to first-degree murder or not guilty would have been invading the province of the jury and imperatively requiring a verdict of guilty, and would have been prejudicial error.

In passing, we simply comment upon the fact that counsel for Marie Abbott at no time requested the court to so restrict its charge, nor did they specifically except to the submission of the second-degree murder and manslaughter forms of verdict to the jury. General exceptions only were taken.

Although not material, in view of our conclusion, we pose the question whether verdicts of lesser degrees of guilty in homicide cases will be upheld where the evidence establishes a higher offense and does not present any elements of the lesser.

In returning a verdict of guilty of murder in the second degree the jury in this case necessarily found beyond a reasonable doubt, that Marie Abbott conspired with Cyril Gordon to kill her husband; the court charged the jury that she could be convicted of no offense unless they first found that she conspired. We assume, as we must do, that the jury followed the instructions so given. Having found that she conspired and aided and abetted Gordon, and there being ample evidence to sustain a verdict of first-degree murder, she was benefited instead of injured by the failure of the court to instruct that the verdict must be first-degree murder or acquittal, in which event of course no error intervened prej-

udicial to her. See Kansas v. Yargus, 112 Kan. 450, 211 P. 121, 27 A. L. R. 1093. Also Cases and Annotations collected in Volume 21 A. L. R. 603, and Volume 27 A. L. R. 1097.

The Bandy case, supra, makes an acquital—in a case where there is no evidence to support the lesser degrees of homicide in a first-degree murder case—contingent upon the failure of proof as to murder in the first degree.

It is our conclusion that the verdict returned in this cause against Marie Abbott is in no sense illegal. We further conclude that no error intervened in the trial of this cause prejudicial to this defendant. We therefore find that her motion for a new trial is not well taken and will therefore be overruled.