218

45 So.2d 174

## ISON v. STATE.

### 5 Div. 286.

Court of Appeals of Alabama.
March 21, 1950.

R. C. Wallace, of LaFayette, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This is the second appeal in this case. Ison v. State, 34 Ala.App. 263, 39 So.2d 247.

Upon the former appeal the case was reversed and remanded. That appeal was from a judgment of conviction for the offense of manslaughter in the first degree, wherein the defendant was sentenced to imprisonment in the penitentiary for a period of five years.

The indictment originally charged murder in the second degree. Upon entering upon the trial in this case, it was proper for the Solicitor to inform the jury that the accused was being put to trial for the offense of manslaughter in the first degree as a result of the former conviction for that offense. The court so held without error and the defendant's exception was without merit.

Upon the trial of this case in the court below, the defendant interposed his plea of "not guilty by reason of self defense."

The trial resulted in the conviction of the defendant of manslaughter in the first degree, and the jury fixed his punishment at ten years imprisonment. Judgment of conviction was duly pronounced and entered from which this appeal was taken. The deceased named in the indictment was Guy Ison, a brother of this appellant, and the testimony disclosed conclusively that his death resulted from injuries he received in the difficulty with appellant. There is no necessity to recite the evidence in detail. The evidence was in sharp conflict and was therefore a jury question. That for the State tended to show that the defendant entered into the fight willingly. In other words a mutual combat. The defendant's testimony tended to show the contrary.

Upon this appeal the only question presented for review was the sufficiency of the evidence to sustain the verdict of the jury. The defendant requested the affirmative charge in writing which the court endorsed "Refused." As stated the evidence was in conflict and the court properly refused to direct a verdict in favor of defendant.

Defendant made motion for a new trial which was properly overruled by the trial court. No exception was reserved to the action of the court in overruling the motion for a new trial. Formerly, an exception was a prerequisite to review the court's ruling on a motion for a new trial; but such is not now the case, as under the statute an exception need not be reserved. The statute now provides: "When an appeal is taken from the judgment in the original case, and a motion for a new trial has been refused, the action of the court in refusing

motion for a new trial may be assigned as error on such appeal, and shall be considered and decided by the appellate court whether an exception was reserved to the ruling or not." Acts Nos. 57, 58 and 59. General Acts of Alabama 1949, pp. 81, 82, 83.

No error appearing upon the trial of this case in the court below, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.