No. 51,278

STATE OF KANSAS, *Appellee,* v. EBEN W. CARPENTER, *Appellant.*

(612 P.2d 163)

Opinion filed June 14, 1980.

David J. Waxse, of Payne & Jones, Chartered, of Olathe, argued the cause and was on the brief for appellant.

Gene M. Olander, district attorney, argued the cause and Robert T. Stephan, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Defendant, Eben W. Carpenter, appeals from a conviction in a trial to the court of one count of second-degree murder. This is the third appearance of this case, in one form or another, before this court. See *State v. Carpenter,* 215 Kan. 573, 527 P.2d 1333 (1974) (*Carpenter I*), and *Carpenter v. State,* 223 Kan. 523, 575 P.2d 26 (1978) (*Carpenter II*), for a statement of the facts in the prior cases which will not be repeated in detail here.

In *Carpenter I,* the defendant Eben W. Carpenter was charged with the first-degree murder of one Willis Upshaw. Defendant's brother, Jan Carpenter, Karen Larson and Donald Brenner were also charged in connection with the murder. Karen Larson later pled guilty to the crime of aiding a felon and was placed on probation. Jan Carpenter and Brenner both pled guilty to murder in the second degree and Brenner testified against defendant. It appears to be undisputed that Brenner fired the shots which killed Upshaw and that at the time of the actual killing, the defendant Eben Carpenter was outside the State of Kansas. Brenner, an employee of the Carpenter brothers, killed Upshaw as the result of a conspiracy and agreement among Jan and Eben Carpenter and Brenner. Following a trial to a jury, Eben Car-

penter was convicted of second-degree murder. The jury had been instructed on second-degree murder as a lesser included offense of first-degree murder and no objection was made to the instruction by either defendant's counsel or the prosecutor. As a result this court, in *Carpenter I,* held that the instruction was not clearly erroneous and affirmed the conviction on the authority of then K.S.A. 1971 Supp. 22-3414(3), and *State v. Yargus,* 112 Kan. 450, 211 Pac. 121 (1922).

Thereafter, defendant filed a motion under K.S.A. 60-1507 to have his conviction set aside on the ground he had been deprived of his right to effective assistance of counsel based upon an alleged conflict of interest of defense counsel. During these proceedings, the trial judge, the Honorable Harold R. Riggs, was disqualified based upon an affidavit of prejudice filed pursuant to K.S.A. 1979 Supp. 20-311d. Judge Buford Shankel, after a hearing, disqualified Judge Riggs and subsequently found a conflict of interest did exist and set aside the conviction. The State appealed and this court, in *Carpenter II,* held that Judge Riggs had been erroneously removed by Judge Shankel and the case was remanded for further proceedings before Judge Riggs. Judge Riggs then granted the defendant a new trial based upon the conflict of interest of defense counsel.

Defendant's present counsel, who has represented defendant throughout the proceedings in *Carpenter II,* and on this appeal, submitted the matter by stipulation to the trial judge on the record from the original murder trial. Based upon that record the trial judge found the defendant guilty of second-degree murder. Defendant now appeals in what hopefully will not come to be known at some later date as *Carpenter III.*

On January 12, 1979, the State and the defendant entered into the following stipulation:

"STIPULATION

"Now on this 12th day of January, 1979, the plaintiff State of Kansas, by Gene Olander, and the defendant, Eben W. Carpenter, in person and by his attorney, David J. Waxse, stipulate as follows:

"1. On September 5, 1972, defendant was indicted for first degree murder by a grand jury sitting in Shawnee County, Kansas.

"2. On November 3, 1972, said cause was transferred to Johnson County, Kansas, pursuant to an order changing venue.

"3. On December 26, 1972, petitioner was acquitted of first degree murder and convicted of second degree murder.

"4. On November 2, 1974, the Supreme Court of Kansas rendered a decision in the direct appeal by defendant from the above described conviction. Said decision is found at 215 Kan. 573 (1974).

"5. On February 11, 1975, Eben W. Carpenter filed a motion pursuant to K.S.A. 60-1507 requesting a new trial for the reasons described in his petition.

"6. On July 25, 1978, Judge Harold R. Riggs sustained petitioner's motion for a new trial.

"7. The defendant has now been advised that he must stand trial on the charge of second degree murder.

"8. The State of Kansas has indicated that the evidence and theory of the case to be presented on the charge of second degree murder would be identical to that presented in the first trial in 1972 on the charge of first degree murder and the defendant has no other evidence to present other than that presented in the first trial.

"9. Both parties waive their right to trial by jury and pursuant to K.S.A. 22-3403 submit the trial of this case to the Court.

"10. The Court should consider all of the evidence of all of the witnesses for the parties as was presented in the first trial as if the witnesses were personally present and presented such evidence subject to all objections, ruling on motions, motions, or other objections of every kind and nature presented in said trial, or post trial proceedings, or present proceedings.

"11. Following the consideration of the evidence presented at the previous trial, both parties will have an opportunity to make legal arguments prior to the Court entering its judgment in this matter.

"12. Both parties understand that by proceeding in the above described manner, they are waiving their rights of further confrontation with the witnesses presented at the previous trial and their right to present additional evidence other than that presented at the previous trial.

"13. By entering into this stipulation, neither party waives any rights they may have in regard to any legal positions they have asserted or may assert in the future in regard to the issues of this matter other than those specifically waived above.

"14. If on a motion for new trial or upon an appeal or other decision of any Court, the retrial of this matter shall become necessary, the defendant specifically reserves the right to request trial by jury at any subsequent trial."

Appellant makes two principal points on appeal. The first is that the original first-degree murder indictment was not amended and no new indictment, information or complaint was filed charging second-degree murder. Hence, it is argued defendant could not be tried for second-degree murder under an indictment charging first-degree murder. The second principal point is that the undisputed evidence will not support a conviction of second-degree murder as it clearly shows the defendant was either guilty of first-degree murder or nothing.

It is undisputed that the defendant cannot be tried a second time upon a greater charge than that of which he was convicted in the first trial. A conviction of second-degree murder in the first trial is tantamount to an acquittal of the original charge of first-degree murder. *Benton v. Maryland,* 395 U.S. 784, 23 L.Ed.2d 707, 89 S.Ct. 2056 (1969); *Green v. United States,* 355 U.S. 184, 2 L.Ed.2d 199, 78 S.Ct. 221 (1957); K.S.A. 1979 Supp.

21-3108(1)(c). Appellant argues that as the original indictment charging first-degree murder was never amended or superseded by a complaint, information or indictment charging second-degree murder, he cannot be tried for second-degree murder under the original instrument charging first-degree murder.

We find no Kansas cases wherein the question of amending an indictment has been before the court.

K.S.A. 1979 Supp. 22-3201 provides in part:

"(1) Prosecutions in the district court shall be upon complaint, indictment or information.

"(2) The complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged  . . . .

. . . . .

"(4) The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced."

As is apparent from the statute, a complaint or information may be amended and the courts have been lenient in allowing such amendments. In *Cox v. State*, 205 Kan. 867, 473 P.2d 106 (1970), we held that in the second trial of a defendant an amendment of an information was not necessary.

"No amendment of an information is necessary in order that the prosecuting attorney may abandon a greater charge and proceed against an accused on a lesser one included therein and a simple motion made verbally in open court, or an announcement of such intention is sufficient if made before the trial begins." Syl. ¶ 7.

However, nothing in the statute allows the amendment of an indictment. K.S.A. 1979 Supp. 22-3201 is based largely on Rule 7 of the Federal Rules of Criminal Procedure. Under the federal rules it has long been the general rule that an indictment may not be amended.

In 1 Wright, Federal Practice and Procedure: Criminal § 127, it is stated:

"The federal courts continue to adhere to the historic rule that an indictment may not be amended. The reason is clear. An indictment is an action of the grand jury, and the prosecutor or court may not change the charge put forward by the grand jury. As was said in a leading case [*Ex parte Bain*, 121 U.S. 1, 10, 30 L.Ed. 849, 75 S.Ct. 781 (1887)]:

'If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been or what the grand jury would probably have made it

if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the Constitution says "no person shall be held to answer," may be frittered away until its value is almost destroyed.' " p. 271.

In *United States v. Beeler,* 587 F.2d 340 (6th Cir. 1978), the reason for the federal policy against allowing indictments to be amended was stated as follows:

"The purposes underlying the rule against amendments and constructive amendments include notice to the defendant of the charges he will face at trial, notice to the court so that it may determine if the alleged facts are sufficient in law to support a conviction, prevention of further prosecution for the same offense, and finally, of 'paramount importance,' the assurance that a group of citizens independent of prosecutors or law enforcement officials have reviewed the allegations and determined that the case is worthy of being presented to a jury for a determination of the defendant's guilt or innocence. *United States v. Radetsky,* 535 F.2d 556, 562 (10th Cir. 1976)." p. 342.

It is equally clear that a defendant under the federal rules may waive the right to be proceeded against by indictment and consent to be charged by information. Obviously, the purpose of allowing waiver is to expedite matters for the benefit of alleged offenders who desire expedition. 1 Wright, Federal Practice and Procedure: Criminal § 122, p. 214. The waiver of the right to an indictment to be valid must be voluntarily and intelligently made in open court. *Bartlett v. United States,* 354 F.2d 745 (8th Cir. 1966). See also *Ching v. United States,* 292 F.2d 31 (10th Cir. 1961), Fed. R. Crim. Proc., Rule 7(b), and 1 Wright, Federal Practice and Procedure: Criminal § 122, p. 217. In those cases where indictment has been waived, however, it should be noted that the prosecution has proceeded under an information.

Numerous older cases from the state courts indicate that where a new trial has been granted after a conviction of a lesser offense than that charged in the original indictment, the second trial may proceed upon the original indictment but the trial will be limited to a consideration of the lesser offense of which the defendant was originally convicted. The cases require that the jury be instructed to this effect. See *Ison v. State,* 35 Ala. App. 218, 45 So.2d 174 (1950); *State v. Foley,* 131 W. Va. 326, 47 S.E.2d 40 (1948); *State v. McLane,* 126 W. Va. 219, 27 S.E.2d 604 (1943); *Coley v. State,* 69 Fla. 568, 68 So. 655 (1915); *West v. State,* 55 Fla. 200, 46 So. 93 (1908).

In 24 C.J.S., Criminal Law § 1426, at p. 17, we find:

"The new trial may proceed on a new indictment; but accused may also be tried on the old indictment, even where his conviction was for a degree lower than that charged in the indictment. In the latter case, where it is held that accused cannot be retried for the higher offense, his rights may be safeguarded by an instruction to that effect, without the necessity of a new or an amended indictment . . . ."

In 24B C.J.S., Criminal Law § 1952(8), at p. 414, it is stated:

"*Indictment.* While it has also been held that the court may permit amendments to the indictment, in general the new trial may and even must be on the original indictment, except where it was held defective by the appellate court; and this has been held to be so even though accused was acquitted of some of the crimes, or grades or degrees thereof, charged in the original indictment."

The purpose of an indictment, information or complaint is to advise the accused and the court of the charges alleged to have been committed and the essential facts constituting the crime or crimes charged. Regardless of what the rule might be as to the necessity of a new indictment, information or complaint in a second trial before a jury, here the case was tried to the court and all parties were fully advised, as shown by the stipulation, of the nature of the charges against appellant and that the trial would be limited to the charge of second-degree murder. In addition, the defendant submitted the matter to the trial court upon the record from the previous trial. Defendant cannot claim any surprise as to the nature of the proceedings against him and certainly no prejudice to the defendant has been shown. Under such circumstances we hold that it was not error for the case to proceed to trial on the charge of second-degree murder without a new indictment, information or complaint. While the state might very well have filed a new information charging defendant with second-degree murder, the failure to do so is not fatal where all parties were fully informed, no surprise or prejudice to defendant is shown and the trial was to the court upon a charge of second-degree murder on the existing record from the first trial. Defendant was not retried for first-degree murder and no question of double jeopardy is involved.

Appellant's next principal point is that even if it were proper to proceed without a new indictment, information or complaint charging second-degree murder, the evidence will not support a conviction of second-degree murder. It is his position that the

evidence clearly shows he was not at the scene of the crime at the time Upshaw was murdered and, therefore, if he had anything to do with the murder, it would have been as an aider or abetter, which would obviously include premeditation and support a conviction of first-degree murder. In fact, the evidence shows Carpenter was outside the State of Kansas at the time and hence it is argued he was either guilty of murder in the first degree or guilty of no murder at all. Having been acquitted of first-degree murder in the previous trial, he now contends he cannot be convicted of the crime of second-degree murder when the evidence would support first-degree murder. Under the facts and circumstances of this case, can the defendant be tried and convicted of second-degree murder upon proof of facts which would substantiate a verdict of guilty of first-degree murder? We think so.

K.S.A. 21-3401 provides:

"Murder in the first degree is the killing of a human being committed maliciously, willfully, deliberately and with premeditation or committed in the perpetration or attempt to perpetrate any felony.

"Murder in the first degree is a class A felony."

K.S.A. 21-3402 provides:

"Murder in the second degree is the malicious killing of a human being, committed without deliberation or premeditation and not in the perpetration or attempt to perpetrate a felony.

"Murder in the second degree is a class B felony."

The trial court made the following findings of fact:

"1. In the early morning hours of July 2, 1972, Willis Upshaw, an employee of C and C Security Agency, owned and operated by Jan Carpenter and Eben W. Carpenter, was murdered at the Lake Sherwood Estates, southwest of Topeka in Shawnee County. By his own admission, the murder was committed by Donald Brenner, another employee of C and C Security Agency.

"2. The evidence established that the murder of Upshaw was the result of a plan and conspiracy conceived by Jan and Eben W. Carpenter. The motive established for killing Upshaw was that Upshaw had been talking too much about an insurance fraud scheme which Upshaw, Brenner, the defendant, Eben W. Carpenter, and others had become involved in several months preceeding [sic] the murder. In addition, it was established that the two Carpenter brothers had taken out a large amount of life insurance on the life of Willis Upshaw and that one of the motives was to collect the proceeds of those policies on the death of the victim.

"3. The evidence established that the defendant actively participated in the planning of the murder and on no less than five occasions actually discussed specifics of various plans on how to accomplish the murder with Brenner.

"4. The evidence also established that the defendant took an active part in the implementation of the plan finally adopted by facilitating Upshaw's presence at Sherwood Estates at the planned time of the murder and by placing two rifles to be used in the murder in a tool shed where they would be easily accessible to Brenner with little chance of being seen by others.

"5. The testimony presented at trial established beyond a reasonable doubt that the defendant, Eben W. Carpenter, could have been found guilty of murder in the first degree as a person who aided or abetted or counseled in the commission of murder by another. K.S.A. 21-3205."

Appellant relies on numerous cases from this court involving the giving of or failure to give instructions on lesser included offenses. See *State v. Seelke,* 221 Kan. 672, 561 P.2d 869 (1977); *State v. Jones,* 220 Kan. 136, 551 P.2d 801 (1976); *State v. King,* 219 Kan. 508, 548 P.2d 803 (1976); *State v. Ponds & Garrett,* 218 Kan. 416, 543 P.2d 967 (1975); *State v. McCorgary,* 218 Kan. 358, 543 P.2d 952 (1975), *cert. denied* 429 U.S. 867 (1976); *State v. James,* 216 Kan. 235, 531 P.2d 70 (1975); *State v. Reed,* 214 Kan. 562, 520 P.2d 1314 (1974); *State v. Masqua,* 210 Kan. 419, 502 P.2d 728 (1972), *cert. denied* 411 U.S. 951 (1973); *State v. Zimmer,* 198 Kan. 479, 426 P.2d 267, *cert. denied* 389 U.S. 933 (1967). In several of these cases the court refused to give an instruction on second-degree murder when the defendant was charged with first-degree murder under the felony murder rule. Our holdings have been consistent that an instruction on lesser degrees of homicide is not necessary when the evidence of the underlying felony is clear and convincing. In *James* we held it was proper not to give an instruction on simple assault and simple battery as lesser included offenses of rape when the two events were separate and distinct. In *King* we held it was not error to refuse to give an instruction on second-degree murder when all the evidence showed premeditation and the elements of first-degree murder. In *Seelke* we held it was error to fail to give an instruction on manslaughter and involuntary manslaughter in a trial for second-degree murder when there was evidence which might support a conviction of a lesser offense. In *State v. Bradford,* 219 Kan. 336, 548 P.2d 812 (1976), the trial court in a first-degree murder trial gave an instruction on second-degree murder over the objection of the defendant. This court held there was no error as the evidence of the underlying felony was weak and conflicting. We do not find any of these cases to be in point or controlling on the question now before the court. There were *no instructions*

in this case as it was a trial to the court upon a stipulated record. The propriety of the instructions in *Carpenter I* was previously decided and does not control the proceedings in this case. As pointed out in *Carpenter I,* if the court had refused to give an instruction on second-degree murder upon request of the defendant, we probably would have found no error as the evidence clearly proved and supported first-degree murder. On the other hand, if the second-degree instruction had been given over defendant's objections, this court might very well have found reversible error.

The question before this court is not one of whether jury instructions on lesser included offenses are appropriate but rather whether, under the facts in this case in a prosecution for second-degree murder, proof of a premeditated first-degree murder will sustain a conviction.

It has long been the majority rule, and the rule in this state, that in a trial for first-degree murder where the evidence shows premeditation and, therefore, theoretically precludes any conviction of second-degree murder or other lesser degrees of homicide, a conviction of second-degree murder will not be disturbed on appeal. *State v. Bigler,* 138 Kan. 13, 23 P.2d 598 (1933); *State v. Uhls,* 121 Kan. 377, 247 Pac. 1050 (1926); *State v. Brundige,* 114 Kan. 849, 220 Pac. 1039 (1923); *State v. Yargus,* 112 Kan. 450, 211 Pac. 121 (1922). For cases from other jurisdictions following the same rule see *People v. Wimbush,* 45 Mich. App. 42, 205 N.W.2d 890 (1973); *State v. Heald,* 292 A.2d 200 (Me. 1972); *State v. Smith,* 1 Or. App. 153, 458 P.2d 687 (1969).

40 Am. Jur. 2d, Homicide § 533, states:

"While there is some conflict on the question, the rule supported by most of the courts is that if the evidence demands or warrants a conviction of a higher degree of homicide than that found by the verdict, and there is either no evidence in support of acquittal, or if there is, it is not sufficient to warrant or require acquittal, or is disbelieved by the jury, the defendant is not entitled to a reversal or a new trial on the ground that the court instructed on the lower degree of homicide as to which there was no evidence, the theory being that he is not prejudiced thereby and cannot complain. Accordingly, where a defendant is convicted of murder in the second degree after an instruction has been given at his request on that degree of homicide, he cannot complain that the evidence made against him a case of murder in the first degree or nothing. An instruction to the effect that the jury may find the accused guilty of manslaughter on evidence which proves him guilty of murder has been held not to be erroneous, where the accused has been previously tried for murder in respect to the same transaction and found guilty of man-

slaughter. In some jurisdictions, however, the submission of a lesser degree of homicide not warranted by the evidence is erroneous where the defendant has been convicted of the lesser degree." pp. 788-789.

## The same work at Section 543, pp. 801-802 states:

"An indictment properly framed which charges murder or murder in the first degree includes a charge of the various lower degrees of murder which may be recognized in the particular jurisdiction, as well as a charge of manslaughter. And it is a well-established general rule of the common law, followed in practically all states, either by the judicial adoption of the common-law rule or by statutes which are declaratory thereof or which reinforce the rule of the common law in this respect, that the jury may, under an indictment charging murder in the common-law form, return a verdict convicting the accused of any of the lower degrees or grades of homicide included in the charge, or, in other words, the jury may acquit the defendant of the degree charged, and convict him of any of the inferior degrees, provided, as required in some jurisdictions, there is evidence to support the lower grade or degree. This is because the lower grades do not differ from murder in the cause or nature of the offense, but only as regards the circumstances, a variance as to which does not hurt the verdict. That the crime under the law and facts ought to be fixed at a higher grade or degree does not affect the application of the rule."

For annotations on the subject, see 21 A.L.R. 603, 625; 27 A.L.R. 1097, 1100; and 102 A.L.R. 1019, 1029.

In *State v. Bigler,* 138 Kan. 13, the evidence was clear that the defendant was an actual participant in a murder which occurred during an attempted robbery of the victim. The jury, however, found the defendant guilty of second-degree murder. In upholding the conviction this court stated:

"The fact that the verdict was guilty of murder in the second degree, when, of course, he was guilty of murder in the first degree or not guilty of anything, presents nothing for correction on appellate review. (*State v. Yargus,* 112 Kan. 450, 211 Pac. 121, syl. ¶ 2; *State v. Brundige,* 114 Kan. 849, 220 Pac. 1039, syl. ¶ 6; *State v. Uhls,* 121 Kan. 377, 382, 247 Pac. 1050.)" p. 19.

In *State v. Yargus* the defendant was charged with committing murder in the first degree by the use of poison. The court held:

"A defendant who is convicted of an offense which is less than that charged, but which is necessarily included within it, cannot obtain a reversal on the ground that the evidence showed him to be guilty of the greater offense if any, because the error in that respect is not prejudicial, inasmuch as it benefits instead of injuring him. For this reason one who is prosecuted upon a charge of murder by means of poison and found guilty of murder in the second degree cannot upon appeal effectively complain on the ground that murder committed by the administration of poison is necessarily of the first degree, even assuming that to be the case." 112 Kan. at syl. ¶ 2.

In the instant case, defendant was convicted in *Carpenter I* of second-degree murder when the evidence clearly showed guilt of first-degree murder. Upon obtaining a new trial, he now contends he cannot be tried and convicted of second-degree murder and pleads double jeopardy as to any prosecution for first-degree murder. We agree that defendant could not be tried a second time for first-degree murder and he was not. Defendant, after his conviction of second-degree murder, which worked to his advantage considering the evidence supported the charge of first-degree murder, sought a new trial claiming he had not been given a fair trial because of ineffective assistance of counsel, based upon an alleged conflict of interest. However, after obtaining such a new trial he was content to submit the matter to the court on the record from the first trial. Obviously, he does not feel that his first trial lacked anything by way of preparation or presentation or he could have insisted upon his right to a new jury trial. Instead, he hopes to rely upon evidence showing guilt of first-degree murder to defeat a conviction of second-degree murder. In *Lasecki v. State,* 190 Wis. 274, 208 N.W. 868 (1926), a similar argument was made when the defendant was convicted of second-degree murder on evidence of first-degree murder. In affirming the conviction, although the Court found evidence which might support second-degree murder, it was stated:

"The defendant urges that if the evidence establishes that he shot Armstrong the judgment must be reversed because the shooting occurred under such circumstances that he was guilty of first-degree murder, if guilty of any offense. Doubtless defendant would not have taken this position had he not known that he could play his game with loaded dice under the rule adopted in *State v. Martin,* 30 Wis. 216. His purpose is to obtain a reversal and at the same time to save the benefit of the acquittal of murder in the first degree. If defendant must be acquitted of all lesser degrees of homicide because guilty of murder in the first degree, then, although he is guilty of an offense which should be punished by imprisonment for life, the defendant must be given his freedom without undergoing punishment. If the court must administer the rules of law so as to work such an injustice in the name of justice, it presents good reason for changing the rule as to former jeopardy when the defendant asks and is granted a new trial." p. 278.

In *Yargus* we said:

"The weight of judicial opinion seems to favor the conclusion we have reached, but we base it not upon authority but upon the soundness of the principle that the defendant should not be allowed to derive an advantage from an error from which she suffered no injury, but on the contrary derived a benefit." 112 Kan at 454.

As stated in *Carpenter I:*

"Second-degree murder is clearly a lesser included offense under first-degree murder since all of the elements of second-degree murder are included in the elements required to establish murder in the first degree." 215 Kan. at 579.

Under the record in this case the fact that the State went further than necessary in proving its case of second-degree murder and actually showed premeditation does not preclude the defendant's conviction of second-degree murder. Premeditation (or its equivalent, the proof of a felony) is a necessary element in first-degree murder not required in proof of second-degree murder, but it is not incumbent upon the State to disprove premeditation when there is a malicious killing and defendant has only been charged with second-degree murder. Under the peculiar factual and procedural situation existing in this case where defendant sought and obtained a new trial for alleged ineffective assistance of counsel, the failure of the State to disprove premeditation will not invalidate defendant's conviction for second-degree murder.

The learned trial judge, in his well-considered memorandum decision, in commenting upon the majority rule that the conviction of a lesser offense when the evidence proves a greater offense will not be upset on appeal stated:

"A number of states adopting the majority rule have, in addition, held that second degree murder is a lesser included offense under first degree murder despite the theoretical difficulties present in cases such as this. Kansas has adopted this approach: 'Where a person is charged with murder in the second [*sic*, first] degree (21-3401), the crimes of murder in the second degree (21-3402), voluntary manslaughter (21-3403), and involuntary manslaughter (21-3404) are considered to be lesser degrees of the crime charged.' *State v. Seelke,* 221 Kan. 672, 675 (1977). The court went on to say that *the duty to instruct* on the lesser degrees arises only where there is evidence to support such an instruction. Thus, although the duty to instruct or not to instruct in the lesser offense is to be determined by the evidence, the crime of second degree murder itself remains inherent within the crime of first degree murder."

The holding herein is based upon the factual and procedural circumstances of this case in a trial to the court and the reasoning as set forth herein and previous rules and decisions on the propriety or necessity of jury instructions are not intended to be modified or affected.

All points raised by appellant have been considered.

The judgment is affirmed.