379 So.2d 421 (1980)
Carol Denise MILLER and Eugene Hearns, Appellants,
v.
STATE of Florida, Appellee.
Nos. 78-1575, 78-1648.
District Court of Appeal of Florida, Second District.
January 30, 1980.
*422 Jack O. Johnson, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant Miller.
John H. Duhig, Miami, for appellant Hearns.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Carol Denise Miller and Eugene Hearns appeal from their convictions of aggravated child abuse in violation of Section 827.03, Florida Statutes (1977), and third-degree felony murder in violation of Section 782.04(4), Florida Statutes (1977). The defendants make several contentions of error including the fact that they were convicted and sentenced for both felony murder and aggravated child abuse. The defendants contend that the separate judgments and sentences were improper. We agree and vacate the judgments and sentences for aggravated child abuse of both defendants.
Where the underlying felony is an essential element of the felony murder, a defendant cannot be sentenced for both crimes. In this case, appellant ... was convicted of third-degree felony murder and aggravated child abuse; however, aggravated child abuse was an essential element of this felony murder. This is reflected in the information which charged appellants with murder while "in the perpetration of... aggravated child abuse." The state was authorized to charge appellant with both crimes. However, where the underlying crime is an element of the greater offense, the defendant may be convicted and sentenced only for the greater of the crimes.
Mahaun v. State, 377 So.2d 1158 (Fla. 1979). The information in the present case shows that aggravated child abuse was an essential element of the felony murder charge. Accordingly, the convictions and sentences for aggravated child abuse must be vacated. The convictions of third-degree felony murder are affirmed. It appears from the record, however, that the sentences of both defendants for third-degree felony murder failed to grant the defendants credit time. Since we are unable to determine from the record on appeal whether either defendant is entitled to credit time, we are remanding the case to the trial judge with instructions that the sentences be modified to accord the defendants credit for time served, if any.
The judgments and sentences are otherwise affirmed.
HOBSON, Acting C.J., and BOARDMAN and DANAHY, JJ., concur.