STATE OF KANSAS, *Plaintiff-Appellant*, v. EILEEN M. BROWN, *Defendant-Appellee*.

No. 56,997

STATE OF KANSAS, *Plaintiff-Appellee*, v. EILEEN M. BROWN, *Defendant-Appellant*.

(696 P.2d 954)

Opinion filed March 2, 1985.

*Joel B. Jackson*, of Great Bend, argued the cause and was on the briefs for defendant.

*Deborah Wilkinson*, assistant county attorney, argued the cause and *Robert T. Stephan*, attorney general, was with her on the briefs for plaintiff.

The opinion of the court was delivered by:

HOLMES, J.: These consolidated appeals arise from defendant's conviction of involuntary manslaughter (K.S.A. 1984 Supp. 21-3404) and child abuse (K.S.A. 21-3609). The State appeals in Case No. 56,525 on a question reserved pursuant to K.S.A. 22-3602(b)(3) and the defendant appeals in Case No. 56,997 from alleged erroneous trial court rulings.

The facts giving rise to the charges are not seriously disputed. Defendant Eileen Brown gave birth to a son, Randell Brown, on March 10, 1983. He was released from the hospital into his mother's care five days later, weighing five pounds and in good health. On April 21, 1983, defendant brought Randell Brown to the hospital where he was pronounced dead. The child was emaciated and had bruises on his head, abdomen and buttocks. Randell weighed only four pounds and three ounces on April 21, although according to expert testimony he should have weighed around seven pounds, five ounces. The pathologist who performed an autopsy on the child concluded Randell exhibited:

"1. Neglect with weight loss and fat atrophy.
"2. Evidence of abuse with healing fracture of left clavicle shoulder, abdominal bruise and right parietal skull fracture with scalp hematoma.
"3. Cerebral hematomas . . . ."

On the day Randell died Eileen Brown gave a written statement to the police in which she admitted jerking the child by the neck because he wouldn't stop crying, shaking him, and hitting him on his face and chest; she also spoke of being under tremendous pressure living alone and trying to raise two children. Four days later she gave the police another written statement in which she admitted feeling a great deal of anger and stress, hitting Randell on the right side of his head with her fist, and later hitting him in the chest. Following a preliminary hearing, defendant was bound over on charges of first-degree murder, abuse of a child, and aggravated battery. Prior to trial the State dismissed the charge of aggravated battery. We will consider each appeal separately.

## Case No. 56,525

Prior to trial the State filed a motion in limine requesting exclusion of any and all evidence tending to show that an individual other than defendant committed the crimes charged. The State sought to prohibit defendant and her attorney from eliciting testimony concerning the character or reputation of

Randell's father, Jack Broce, or acts of physical violence by Broce against persons other than Randell Brown. The court denied the motion on the grounds defendant pled not guilty and the medical reports did not foreclose the possibility someone other than defendant committed the crimes. The motion was later renewed and again denied. At trial defendant presented testimony of prior assaults by Jack Broce on individuals other than Randell Brown. The jury heard evidence of specific incidents in which Broce slapped or struck defendant; incidents during which Broce slapped or struck Gilbert Brown, Randell's two-year-old brother; and an incident in which Broce hurt his sister by slamming her against some kitchen cabinets. However, no witness, including the defendant, testified that Broce had ever hit or otherwise abused Randell Brown. There was no evidence that Broce had a general reputation for violence. There was no evidence of any kind that the victim's death might have been caused or contributed to by anyone other than the defendant. The State argues evidence of specific acts of violence by Broce was inadmissible and was used by the defense solely to raise the inference in the minds of the jurors that Broce, rather than defendant, was responsible for the abuse and ultimate death of Randell Brown.

In *State v. Martin*, 232 Kan. 778, 780, 658 P.2d 1024 (1983), we stated:

"[A]ppeals on questions reserved by the prosecution will not be entertained merely to demonstrate whether or not errors have been committed by the trial court. Such questions must be of statewide interest and answers thereto must be vital to a correct and uniform administration of the criminal law."

The appeal by the State merely attacks an adverse trial court decision on an evidentiary question which is adequately covered by our evidentiary statutes K.S.A. 60-445 through 60-448 and 60-455 and the myriad of cases annotated thereunder. It does not meet the standard of *Martin*. See also *State v. Lamkin*, 229 Kan. 104, Syl. ¶ 2, 621 P.2d 995 (1981).

The appeal in Case No. 56,525 is dismissed.

### Case No. 56,997

Defendant, Eileen M. Brown, was tried on one count of first-degree felony murder and one count of abuse of a child. The court gave the full range of instructions on lesser included offenses of murder and the jury found defendant guilty of invol-

untary manslaughter and abuse of a child. For her first point on appeal defendant contends that the trial court erred in denying her motion to dismiss on grounds there was no independent collateral felony to support the felony murder charge. It is defendant's contention that the child abuse charge merged in the charge of felony murder and, having done so, no collateral felony remained to support the felony murder charge. We agree with the trial court's ruling.

K.S.A. 21-3609, abuse of a child, was amended in 1984 but the amendment only changed the classification of the crime from a class E felony to a class D felony. The elements of the offense, which were not affected by the 1984 amendment, read:

"Abuse of a child is willfully torturing, cruelly beating or inflicting cruel and inhuman corporal punishment upon any child under the age of eighteen (18) years."

K.S.A. 21-3401, first-degree murder, reads:

"Murder in the first degree is the killing of a human being committed maliciously, willfully, deliberately and with premeditation or committed in the perpetration or attempt to perpetrate any felony."

To invoke the felony murder rule there must be proof a homicide was committed in the perpetration of or an attempt to perpetrate a felony and that the collateral felony was one inherently dangerous to human life. *State v. Lashley*, 233 Kan. 620, 631, 664 P.2d 1358 (1983). However, the felony murder doctrine is not applicable when the other felony is an integral part of the homicide. *State v. Clark*, 204 Kan. 38, Syl. ¶ 1, 460 P.2d 586 (1969). In such a case the collateral felony is said to have merged with the homicide and results in only one offense. In order to make this determination, we have held:

"The proper test for determining whether an underlying felony merges into a homicide is whether all the elements of the felony are present in the homicide and whether the felony is a lesser included offense of the homicide." *State v. Rueckert*, 221 Kan. 727, Syl. ¶ 6, 561 P.2d 850 (1977).

It is obvious from even a cursory reading of the statutes that a charge of abuse of a child does not meet the *Rueckert* test for merger into a charge of felony first-degree murder.

We are not called upon, and do not here decide, whether a single instance of assaultive conduct, as opposed to a series of incidents evidencing extensive and continuing abuse or neglect,

would support a charge of felony murder. See *People v. Smith*, 35 Cal. 3d 798, 201 Cal. Rptr. 311 (1984), and *Massie v. State*, 553 P.2d 186 (Okla. Crim. 1976). Cases supporting the doctrine that child abuse constitutes a collateral felony that will support a charge of felony murder include *People v. Northrup*, 132 Cal. App. 3d 1027, 182 Cal. Rptr. 197 (1982); *People v. Roark*, 643 P.2d 756 (Colo. 1982); *Holt v. State*, 247 Ga. 648, 278 S.E.2d 390 (1981); *Miller v. State*, 379 So. 2d 421 (Fla. Dist. App. 1980); *State v. O'Blasney*, 297 N.W.2d 797 (S.D. 1980).

We hold that the charge of abuse of a child did not merge into the homicide and the trial court did not err in denying defendant's motions for dismissal.

Defendant's last point on appeal is that the trial court erred in denying her motion for judgment of acquittal. That motion was made on the grounds the State had failed to corroborate defendant's confession with adequate evidence, and the uncorroborated confession was inadequate to support the charges. Defendant had made similar motions at various other stages of the proceedings, all of which were denied.

In support of her claim, defendant relies entirely on *State v. Tillery*, 227 Kan. 342, 606 P.2d 1031 (1980), where we held:

"An uncorroborated extrajudicial confession is insufficient to sustain a conviction." Syl. ¶ 2.'

However, in *Tillery* we also held:

"Any material facts, including the *corpus delicti* itself, may be proved by direct testimony or by indirect or circumstantial evidence or a combination of both. No exclusive mode of proof of the *corpus delicti* is prescribed by the law." Syl. ¶ 3.

In the instant case we need not dwell at length upon the sordid circumstantial evidence showing excessive neglect and abuse of the victim. The testimony of the pathologist, his report and photographs of the small victim's body adequately corroborate the defendant's various statements and admissions. The point is totally without merit.

The appeal of the State in Case No. 56,525 is dismissed and the judgment in Case No. 56,997 is affirmed.