No. 64,254

In The Matter of the Petition of ROBERT LYNN LUCAS for a Writ of Habeas Corpus.

(789 P.2d 1157)

Opinion filed April 13, 1990.

*B. Kay Huff*, of Olathe, argued the cause for petitioner.

*Robin A. Lewis*, assistant district attorney, argued the cause for respondent.

The opinion of the court was delivered by

McFARLAND, J.: In this original habeas corpus proceeding, Robert Lynn Lucas contends that bringing him to trial on an amended charge of second-degree murder would violate his state and federal constitutional rights not to be placed in jeopardy twice for the same offense.

Lucas was convicted by jury trial of two counts of child abuse, K.S.A. 21-3609 (one count as to victim Shannon Woodside and

one count as to victim Shaina Woodside), and one count of felony murder, K.S.A. 21-3401 (as to victim Shaina Woodside). On direct appeal, *State v. Lucas,* 243 Kan. 462, 759 P.2d 90 (1988), *aff'd* 244 Kan. 193, 767 P.2d 1308 (1989), we reversed the convictions of the two offenses relating to Shaina Woodside, holding:

"The purpose of the felony-murder doctrine is to deter those engaged in felonies from killing negligently or accidentally, and the doctrine should not be extended beyond its rational function which it was designed to serve." Syl. ¶ 1.

"In order to apply the felony-murder doctrine: (1) the underlying felony must be one which is inherently dangerous to human life; and (2) the elements of the underlying felony must be so distinct from the homicide so as not to be an ingredient of the homicide." Syl. ¶ 2.

"A single assaultive incident of abuse of a child (K.S.A. 1987 Supp. 21-3609) which results in the death of a child merges with [the] killing and constitutes only one offense. The coupling together of prior acts of abuse of a child with the lethal act of abuse into one collective charge of abuse of a child does not prevent the operation of the merger rule. Language to the contrary found in *State v. Brown,* 236 Kan. 800, 696 P.2d 954 (1985), is disapproved." Syl. ¶ 5.

The case was remanded for further proceedings. On remand, Lucas was charged in an amended petition with second-degree murder, K.S.A. 21-3402, and child abuse, K.S.A. 21-3609, relative to the death of Shaina Woodside. His motion to dismiss the second-degree murder charge on the grounds of double jeopardy and res judicata was denied. Lucas subsequently entered a plea of nolo contendere to the child abuse charge. Trial of the second-degree murder charge was scheduled for the fall of 1989. The habeas corpus proceeding herein was filed on September 21, 1989, and we granted a stay of proceedings in the district court. The matter is before us for decision.

A petition for a writ of habeas corpus is an appropriate method for challenging a trial court's pretrial denial of a claim of double jeopardy. *In re Habeas Corpus Petition of Hoang,* 245 Kan. 560, Syl. ¶ 1, 781 P.2d 731 (1989); *In re Habeas Corpus Petition of Mason,* 245 Kan. 111, Syl. ¶ 1, 775 P.2d 179 (1989); *In re Berkowitz,* 3 Kan. App. 2d 726, Syl. ¶ 2, 602 P.2d 99 (1979).

Defendant first contends that he was acquitted of second-degree murder in the first trial and, hence, cannot be retried for that crime. The record does not support this position. The jury was

instructed on the charged crime, felony murder, as well as second-degree murder, voluntary manslaughter, and involuntary manslaughter as lesser included offenses thereof. Specifically, the instructions stated:

"INSTRUCTION NO. 16

"The defendant is charged in Count III with the crime of felony murder. The defendant pleads not guilty.

"To establish this charge each of the following claims must be proved:

1. That the defendant killed Shaina Woodside;

2. That such killing was done while in the commission of abuse of a child, a felony; and

3. That this act occurred on or about the 6th day of July, 1986, in Johnson County, Kansas.

"The elements of abuse of a child are set forth in Instruction No. 11."

"INSTRUCTION NO. 17

"If you cannot agree that the defendant is guilty of felony murder, you should then consider the lesser included offense of murder in the second degree.

"To establish this charge each of the following claims must be proved:

1. That the defendant intentionally killed Shaina Woodside;

2. That such killing was done maliciously; and

3. That this act was done on or about the 6th day of July, 1986, in Johnson County, Kansas.

"Maliciously means willfully doing a wrongful act without just cause or excuse."

Instruction Nos. 18 and 19 followed the format of No. 17, setting forth the lesser included offenses of voluntary and involuntary manslaughter.

"INSTRUCTION NO. 20

"The offense of felony murder as charged in Count III with which defendant is charged includes the lesser offenses of second degree murder, voluntary manslaughter and involuntary manslaughter.

"You may find defendant guilty of felony murder, or second degree murder, or voluntary manslaughter, or involuntary manslaughter, or not guilty.

"When there is a reasonable doubt as to which of two or more offenses defendant is guilty, he may be convicted of the lesser offense only.

"Your presiding juror should sign the appropriate verdict form. The other verdict forms are to be left unsigned."

Instruction No. 17 clearly states that second-degree murder is only to be considered if the jury *cannot agree that the defendant is guilty of felony murder*. The jury did agree defendant was guilty of felony murder. Defendant contends Instruction No. 20

was contradictory to Instruction No. 17 by stating defendant could be found guilty of any of the four degrees of homicide and, in the case of reasonable doubt as to which offense, he could only be found guilty of the lesser. There is no basis on which to conclude the jury had any reasonable doubt of defendant's guilt of felony murder. Defendant also contends the verdict form contradicted the instructions in that the guilty or not guilty blanks for each of the four degrees of homicide were on one page in ascending order. That is, involuntary manslaughter was listed first and felony murder was listed last.

We find no merit in any of defendant's assertions relative to his contention that he was acquitted of second-degree murder in his first trial.

Defendant next argues that to try him for second-degree murder at this point would be violative of the compulsory joinder provisions of K.S.A. 21-3108(2)(a). The statute provides:

"A prosecution is barred if the defendant was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution:

(a) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime or crimes of which evidence has been admitted in the former prosecution and which might have been included as other counts in the complaint, indictment or information filed in such former prosecution or upon which the state then might have elected to rely; or was for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution, or the crime was not consummated when the former trial began."

K.S.A. 21-3108 is the statutory enactment relative to the state and federal constitutional prohibitions against double jeopardy and expands the basic concept.

The Fifth Amendment to the United States Constitution states, in part, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

Section 10 of the Bill of Rights of the Kansas Constitution entitles a defendant to the same protections against double jeopardy afforded under the United States Constitution. *In re Habeas Corpus Petition of Mason*, 245 Kan. at 115.

The aspect of double jeopardy covered by K.S.A. 21-3108(2)(a) prevents piecemeal prosecution. An individual cannot be convicted for, say, aggravated robbery and then subsequently pros-

ecuted for an aggravated kidnapping or aggravated battery occurring during the robbery of the victim. One of the reasons for the prohibition against piecemeal prosecution is that it can lead to prosecution arising from prosecutorial vindictiveness. A prosecutor might be angry over the result of the first trial because a defendant was acquitted altogether or convicted of a lesser offense, or because the conviction might have been overturned on appeal. In retaliation, he or she might then add charges which could have been included in the original prosecution as they arose out of the incident for which defendant was originally charged.

Defendant herein was charged and convicted of felony murder with child abuse as the underlying felony. The jury was instructed on second-degree murder as a lesser offense. Although second-degree murder, voluntary manslaughter, and involuntary manslaughter are frequently referred to as lesser included offenses of first-degree murder, they are more precisely lesser degrees of the same offense. See *State v. Carpenter*, 228 Kan. 115, 126, 612 P.2d 163 (1980); *State v. Seelke*, 221 Kan. 672, 675, 561 P.2d 869 (1977); *State v. Conley*, 6 Kan. App. 2d 280, Syl. ¶ 2, 627 P.2d 1174 (1981). In the time period defendant was originally charged and tried there was no reason for the prosecutor to suspect that child abuse was not an appropriate underlying felony for a charge of felony murder, as certain language in *State v. Brown*, 236 Kan. 800, 696 P.2d 954 (1985), approved of such charging. It was only in the appeal of the felony-murder conviction that this court, in a four to three decision, held that the merger doctrine precluded the use of child abuse as the underlying felony for a charge of felony murder. We disapproved the contrary language in *Brown*, reversed the felony-murder and related child abuse convictions, and remanded the case for further proceedings. The second-degree murder charge herein is in an amended information in the original case. No new charge is involved. Defendant could have been convicted of second-degree murder in the original trial. (Note: This is not a comment on the sufficiency of the evidence to support such a conviction and only refers to the procedural aspects involved.) Although defendant vigorously argues that prosecutorial vindictiveness could have been a factor in the filing of the amended information herein, no facts or circumstances are shown to support his contention.

Defendant further argues that the circumstances of the reversal of his felony-murder conviction constitute the equivalent of reversal on the grounds of failure of proof or insufficiency of evidence to support the conviction, which should bar retrial. We do not agree. As we noted in the first *Lucas* opinion, there was abundant evidence that the defendant abused the child Shaina Woodside and that she died as a result of being abused by defendant. The decision in the direct appeal changed existing Kansas law as stated in *Brown* and held that child abuse could not be used as the underlying felony for felony murder under the merger doctrine. As this decision represented a change in the existing law, we reversed the child abuse conviction as to Shaina in order to afford the State full opportunity to make appropriate amendments to the information for further proceedings.

However, K.S.A. 21-3108(4)(c) is dispositive of the issue relative to K.S.A. 21-3108(2)(a). The statute provides:

"(4) A prosecution is not barred under this section:

. . . .

(c) If subsequent proceedings resulted in the invalidation, setting aside, reversal or vacating of the conviction, unless the defendant was adjudged not guilty."

Lucas was found guilty in the first trial, which conviction was reversed by this court as previously stated. K.S.A. 21-3108(4)(c) is, therefore, controlling.

After carefully considering the matter, we conclude that defendant's rights under K.S.A. 21-3108(2)(a) and the double jeopardy clauses of the state and federal constitutions have not been violated in any of the claimed particulars.

The writ is denied.