**Wayne B. HILL, Petitioner,**

v.

**Raymond ROBERTS, et al., Respondents.**

**No. 91–CV–3077–S.**

United States District Court,
D. Kansas.

July 10, 1992.

Benjamin C. Wood, Lawrence, Kan., for petitioner.

Melanie S. Jack, Kansas Bureau of Investigation, Topeka, Kan., for respondents.

**MEMORANDUM AND ORDER**

SAFFELS, District Judge.

This matter comes before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at the Lansing Correctional Facility, Lansing, Kansas, was convicted of first degree felony murder on September 6, 1986. On October 20, 1986, petitioner was sentenced to life imprisonment. In this action petitioner challenges his conviction and claims his constitutionally guaranteed rights to equal protection and due process were denied when the Kansas Supreme Court and the Kansas Court of Appeals

failed to apply a subsequent change in the criminal law to his case.

Having reviewed the record in this matter, the court makes the following findings and order.[1]

*Factual Background*

In February, 1986, petitioner's wife brought her three-year old daughter, Royesha, from Pennsylvania to Geary County, Kansas to live. Twice within the next forty-five (45) days, the child was taken to the hospital with serious injuries. On both occasions, petitioner had the child in his exclusive care. On March 21, 1986, the child, who again had been in the exclusive care of the petitioner, was taken to the hospital with over twenty impact wounds to the head and a large force trauma to the abdomen. Royesha died from one of three lethal blows.

Petitioner was originally charged with premeditated first degree murder, K.S.A. 21–3401; felony murder with child abuse as the underlying felony, K.S.A. 21–3609; abuse of a child, K.S.A. 21–3609; and aggravated battery, K.S.A. 21–3414. Prior to trial, the state amended the complaint and dropped all charges except the felony murder charge. From this posture, the jury convicted petitioner after only forty-eight (48) minutes of deliberation.

Following his sentence to life imprisonment, petitioner appealed to the Kansas Supreme Court and claimed: (1) the trial court erred in failing to dismiss the felony murder charge under the doctrine of merger; and (2) the trial court erred by allowing evidence of prior bad acts without giving a limiting instruction. On February 16, 1988, the court affirmed petitioner's conviction noting that *State v. Brown*, 236 Kan. 800, 696 P.2d 954 (1985), which held that child abuse did not merge into a charge of first degree felony murder, was controlling. Three justices dissented.

On July 8, 1988, the Kansas Supreme Court revisited the child abuse/felony mur-

der merger doctrine and, with three different justices dissenting, overruled *Brown* and held that abuse of a child which results in the death of that child merges with the killing. Therefore, abuse of a child cannot be the underlying felony to support a felony murder conviction. *State v. Lucas*, 243 Kan. 462, 759 P.2d 90 (1988), *aff'd*, 244 Kan. 193, 767 P.2d 1308 (1989).

On August 19, 1988, petitioner filed a petition pursuant to K.S.A. 60–1507 seeking retroactive application of the change in the law in *Lucas* to his case. The trial court denied the motion and the Kansas Court of Appeals affirmed on February 9, 1990. On April 24, 1990, the Kansas Supreme Court denied petitioner's petition for review.

On March 8, 1991, petitioner instituted this action again seeking the retroactive application of the subsequent change in the law under *Lucas*.

*Discussion*

■ The decision of a state court to make a ruling retroactive or prospective raises no constitutional issue. *LaRue v. McCarthy*, 833 F.2d 140, 143 (9th Cir.1987) *cert. denied*, 485 U.S. 1012, 108 S.Ct. 1482, 99 L.Ed.2d 710 (1988) citing *Wainwright v. Stone*, 414 U.S. 21, 24, 94 S.Ct. 190, 193, 38 L.Ed.2d 179 (1973) (per curiam). Notwithstanding that a state court's announcement of a new rule is based on the court's conclusion that the new rule was impelled by federal constitutional principles, a state court's decision whether to make a new rule retroactive raises no federal constitutional issue. *Robinson v. Ponte*, 933 F.2d 101, 104 (1st Cir.1991) *cert. denied*, —— U.S. ——, 112 S.Ct. 1301, 117 L.Ed.2d 522 (1992). The administration of criminal law is largely a state concern. *Id.* at 105.

■ In denying petitioner's motion for relief pursuant to K.S.A. 60–1507, the Kansas Court of Appeals reiterated the rule of retroactivity stated in *State v. Osbey*, 238 Kan., 280, 710 P.2d 676, 679 (1985) that a

---

**1.** The court notes that the state court record provided for review contained an envelope under seal of the state district court pursuant to K.S.A. 22–2302. As that statute concerns supporting affidavits for the issuance of a warrant or summons, it was not deemed relevant to the question before this court. Consequently, the court neither sought a written state court order to unseal the envelope nor opened it on its own order.

later overruling decision will be applied retroactively to all similar cases *pending* at the time the decision was rendered. *Osbey* further provides that a case in which the judgment of conviction has been rendered, the availability of an appeal has been exhausted, and the time for any rehearing or final review has passed is no longer pending. *Id.* The court determined that petitioner's case was final and no longer pending. *Cf. State v. Neer*, 247 Kan. 137, 795 P.2d 362, 367 (1990) (the court's decision in *State v. Moppin*, 245 Kan. 639, 783 P.2d 878 (1989) which held that oral-genital stimulation between the tongue of a male and the genital area of the female did not constitute sodomy, was not applicable to defendant in *Neer* because his case was final before the *Moppin* decision was announced).

It is clear that once a state establishes a new rule, it must be applied evenhandedly. *LaRue*, 833 F.2d at 142. Petitioner has presented no evidence that the rule announced in *Lucas* was applied retroactively to any case other than those pending at the time of the decision. *State v. Prouse*, 244 Kan. 292, 767 P.2d 1308 (1989). *State v. Colwell*, 246 Kan. 382, 790 P.2d 430 (1990).

█ The equal protection clause clearly prohibits a state from affording one person the retroactive benefit of a ruling and denying it to another who is similarly situated. *Myers v. Ylst*, 897 F.2d 417, 421 (9th Cir.) *cert. denied*, —— U.S. ——, 111 S.Ct. 212, 112 L.Ed.2d 172 (1990). Petitioner's case, unlike *Prouse* and *Colwell*, was not pending when *Lucas* was announced. Petitioner has made no showing that the recognized rule on retroactivity articulated in *Osbey* has been unequally applied to his case.

IT IS THEREFORE BY THE COURT ORDERED the petition for writ of habeas corpus is denied.