NOT DESIGNATED FOR PUBLICATION

No. 122,936

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WAYNE A. STEWART,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; TIMOTHY L. DUPREE, judge. Opinion filed December 17, 2021. Affirmed.

*Wayne Stewart*, appellant pro se.

*Dwight R. Carswell*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., ATCHESON and WARNER, JJ.

PER CURIAM: In 2018, the State filed a petition under the Kansas Sexually Violent Predator Act (KSVPA) to adjudicate whether Wayne Stewart should be committed for care and treatment under that program. While that commitment action was pending, Stewart filed a separate petition for a writ of habeas corpus under K.S.A. 60-1501, challenging the court's authority in the KSVPA action. The district court held a hearing on Stewart's petition but ultimately dismissed his claim, finding the commitment adjudication could proceed. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

The pending KSVPA petition is the second the State has filed against Stewart, but it arises from conduct beginning 40 years ago.

In 1981, Stewart pleaded guilty to attempted rape; in 1983, he was convicted of aggravated indecent liberties with a child. Before he was released from prison in 2001 for these convictions, the State filed a petition to involuntarily commit Stewart under the KSVPA. But an evaluation from Larned State Hospital found he did not qualify as a sexually violent predator—at that time, the evaluation indicated Stewart was unlikely to engage in similar future behavior, and any diagnosed mental disorders did not affect his ability to control his behavior. As a result, the Wyandotte County District Court dismissed the 2001 petition.

Unfortunately, Stewart did engage in other harmful behavior. In 2009, the State charged Stewart with two counts of aggravated indecent liberties with a child and one count of attempted aggravated indecent liberties with a child. Stewart pleaded no contest in 2011 to four counts of aggravated battery for the conduct leading to these charges. The court imposed a controlling 120-month prison sentence, but it did not make any findings at that time that Stewart's 2011 convictions were sexually motivated.

In January 2018, before Stewart's release from prison for the 2011 convictions, the State filed a second KSVPA petition in Wyandotte County District Court. The State based its petition on Stewart's 1981 and 1983 convictions and filed a psychologist's report noting Stewart met the KSVPA's requirements. The district court found the petition and report established probable cause that Stewart was a sexually violent predator and ordered he be held in the Wyandotte County Jail. Following an evidentiary hearing, the court reached the same conclusion and ordered Stewart to undergo an evaluation at Larned State Hospital. That evaluation also determined Stewart met the requirements for

involuntary commitment. The findings in both the initial report and the later evaluation were based, in part, on a sex-based mental-health disorder diagnosed after the 2001 evaluation.

In June 2019, Stewart filed a pro se petition for writ of habeas corpus under K.S.A. 60-1501—the suit giving rise to this appeal—challenging the legality of the adjudication. His petition raised two main arguments: the 2011 convictions could not form the basis of the adjudication because they did not involve sexually motivated offenses, and res judicata precluded a second adjudication based on his 1981 and 1983 convictions because the 2001 adjudication had been decided on the merits.

After a hearing where both Stewart and the State presented arguments, the district court summarily dismissed the petition. It concluded that even if the 2011 convictions could not be used to prove Stewart had been convicted of a sexually violent offense, they were relevant to support other elements in the commitment action, such as the likelihood to reoffend. And the court found that res judicata did not apply because Stewart had failed to prove the 2001 adjudication had been dismissed with prejudice.

Stewart appeals the dismissal of his K.S.A. 60-1501 petition. From the record before us, it is unclear whether Stewart's KSVPA adjudication has been resolved.

DISCUSSION

Stewart's pro se appeal raises four interrelated issues. They broadly fall into two categories: challenges to the use of the 1981 and 1983 convictions and challenges to the use of the 2011 convictions. We do not reach the merits of these claims, however, because we agree with the State that a K.S.A. 60-1501 petition is not an appropriate avenue for Stewart to collaterally challenge his ongoing commitment adjudication.

Stewart filed his habeas petition under K.S.A. 2020 Supp. 60-1501(a), which allows "any person in this state who is detained, confined[,] or restrained of liberty on any pretense" to request a "writ of habeas corpus." In most instances, K.S.A. 60-1501 provides an avenue for individuals to challenge the mode or condition of their confinement, including pretrial confinement. See *Safarik v. Bruce*, 20 Kan. App. 2d 61, Syl. ¶ 5, 883 P.2d 1211, *rev. denied* 256 Kan. 996 (1994); see also *In re Mason*, 245 Kan. 111, 115, 775 P.2d 179 (1989) (person released on bond is still in custody and may file habeas petition).

In its arguments before the district court, the State focused primarily on the merits of Stewart's claims regarding his previous convictions. The State continues to make those arguments on appeal. But it also asserts another reason to support the district court's summary dismissal of Stewart's habeas petition: a habeas action is not an appropriate avenue under these circumstances for Stewart to challenge the court's rulings in the commitment adjudication.

Because appellate courts are courts of review, we do not ordinarily consider issues raised for the first time on appeal. *State v. Vonachen*, 312 Kan. 451, Syl. ¶ 1, 476 P.3d 774 (2020). But because this preservation rule in many instances stems from prudential concerns, we may consider new arguments on appeal if the issue warrants our review and if review is possible based on the record before us. *State v. Parry*, 305 Kan. 1189, 1192, 390 P.3d 879 (2017). For example, appellate courts have previously decided to consider purely legal issues in the first instance if they are based on undisputed facts, or if deciding an issue is necessary to serve the ends of justice or prevent deprivation of a fundamental right and would resolve the case. We have also considered arguments that provide an alternative basis for affirming the district court's decision. See *State v. Anderson*, 294 Kan. 450, 464-65, 276 P.3d 200 (2012). The State's argument falls into this third category of cases. And because that argument does not require any further factual development and ultimately resolves this appeal, we opt to consider it here.

The State argues that Stewart's K.S.A. 60-1501 petition only raises issues that could be (or already have been) litigated in his commitment adjudication, and he should not be allowed to use this habeas petition as an appeal of that court's nonfinal ruling. Instead, the State asserts, Stewart should be required to litigate these issues in the commitment case or in his direct appeal of that case if he is involuntary committed.

The Kansas Supreme Court has long held that a statutory petition for habeas corpus "is not a substitute for an appeal." *State v. Shores*, 187 Kan. 492, 493, 357 P.2d 798 (1960). Instead, "[h]abeas corpus is an extraordinary legal remedy, and it should not be used when relief may be obtained by ordinary procedure." *Foster v. Maynard*, 222 Kan. 506, 513, 565 P.2d 285 (1977). As the United States Supreme Court explained in *Henry v. Henkel*, 235 U.S. 219, 229, 35 S. Ct. 54, 59 L. Ed. 203 (1914), when it found that a criminal defendant in a federal case could not challenge pretrial rulings via a federal habeas petition:

> "[T]he hearing on habeas corpus is not in the nature of a writ of error, nor is it intended as a substitute for the functions of the trial court. Manifestly, this is true as to disputed questions of fact, and it is equally so as to disputed matters of law, whether they relate to the sufficiency of the indictment or the validity of the statute on which the charge is based. These and all other controverted matters of law and fact are for the determination of the trial court. If the objections are sustained or if the defendant is acquitted, he will be discharged. If they are overruled and he is convicted, he has his right of review. The rule is the same whether he is committed for trial in a court within the district, or held under a warrant of removal to another state. He cannot, in either case, anticipate the regular course of proceeding by alleging a want of jurisdiction, and demanding a ruling thereon in habeas corpus proceedings. [Citations omitted.]"

Thus, it is "well settled that in the absence of exceptional circumstances . . . the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391, 38 S. Ct. 166, 62 L. Ed. 358

5

(1918). This principle makes sense. In most instances, justice is best served by allowing an original proceeding to run its course without collateral intervention. To hold otherwise would be to open the floodgates to potential habeas petitions challenging virtually any pretrial ruling. And while there are limited instances where courts have granted writs of habeas corpus before trial, those cases are the exception, not the rule. See, e.g., *In re Habeas Corpus Petition by Bowman*, 309 Kan. 941, 441 P.3d 451 (2019) (finding double-jeopardy principles were an extraordinary circumstance to allow a pretrial writ of habeas corpus when State was going to seek an unlawful second criminal trial); *In re Care & Treatment of Easterberg*, 309 Kan. 490, 437 P.3d 964 (2019) (likening a KSVPA commitment proceeding to a second trial and granting a writ of habeas corpus in an original action to determine whether the KSVPA trial court had jurisdiction to proceed).

Stewart asserts that his habeas petition is similar to the petition in *Easterberg* and thus we should reach a similar result. We agree that there are many similarities between the two cases: Both Stewart and Easterberg were undergoing KSVPA commitment proceedings. Both Stewart and Easterberg were charged in previous cases with sexually violent crimes, but they each entered pleas for crimes that are not listed as sexually violent offenses in Kansas statutes. See K.S.A. 2020 Supp. 59-29a02(e) (listing sexually violent offenses). But there are significant differences between the two cases as well. Most notably, Stewart has been convicted of two other sexually violent offenses (the 1981 attempted rape and the 1983 aggravated-indecent-liberties offense) involving young children, while Easterberg had not. Thus, the legal question raised in *Easterberg* regarding whether Easterberg could be considered for commitment at all is a very different question than the issue raised in this case.

In order for Stewart's case to be in an analogous procedural circumstance to Easterberg's, we would have to disregard Stewart's previous convictions. Stewart argues that preclusion principles require us to do just that since the 2001 KSVPA adjudication was voluntarily dismissed. But Stewart presented this same argument to the district court

in the current KSVPA proceeding, and the court found as a factual matter that the previous case had been dismissed without prejudice—meaning the preclusive principles Stewart cites do not apply. See *Crockett v. Medicalodges, Inc.*, 247 Kan. 433, 438, 799 P.2d 1022 (1990) (res judicata does not apply when a case is dismissed without prejudice), *overruled on other grounds by Martin v. Naik*, 297 Kan. 241, 300 P.3d 625 (2013). Thus, Stewart's habeas petition attempts to do just what the Kansas Supreme Court has long stated that habeas petitions cannot: substitute for an appeal of the district court's nonfinal factual findings and legal conclusions in the commitment case.

Our review of the transcript of the hearing in this case shows that the district court judge appreciated the difficult procedural quagmire before him. And with good reason: Stewart does not allege sufficiently exceptional circumstances that would allow him to use his habeas petition to collaterally challenge his ongoing commitment proceeding. For this reason, we conclude—albeit for a different reason than the district court—that dismissal of Stewart's K.S.A. 60-1501 petition was appropriate.

Affirmed.