NOT DESIGNATED FOR PUBLICATION

No. 124,394

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JACOB Z. YOUNG,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed July 1, 2022.
Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Nicholas Campbell*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ISHERWOOD, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Jacob Young appeals the district court's summary denial of his K.S.A. 60-1507 motion. He argues that his motion alleged facts sufficient to warrant an evidentiary hearing on his claim that his attorney provided constitutionally deficient representation during his trial. After carefully reviewing the record and the parties' arguments, we affirm the district court's denial of Young's motion.

FACTUAL AND PROCEDURAL BACKGROUND

In 2017, police stopped Young for a traffic infraction and arrested him after learning he had outstanding warrants. Because the car Young was driving was illegally

1

parked and not registered to him, the police had it towed. They conducted a routine inventory search of the vehicle and discovered methamphetamine, drug paraphernalia, and a stolen gun. The State charged Young with possession of methamphetamine with intent to distribute, possession of drug paraphernalia, criminal possession of a firearm, and theft of a firearm.

The district court appointed an attorney to represent Young, and a few days later the attorney moved to determine Young's competency to stand trial. In conversations with Young's mother—and with Young himself—the attorney learned that Young had suffered a head injury, displayed memory-loss problems, and was behaving erratically.

After a hearing on Young's motion, the district court ordered a competency evaluation. This evaluation determined that Young had suffered a concussion around the time of his crimes—though it is not clear whether it was before or after the crimes were committed—and that all his memory functions were defective. His evaluator thus found him incompetent to stand trial at that time, and the district court adopted this finding. The court committed Young to Larned State Hospital for up to 60 days for further evaluation of his competency. A few days after this order, Young retained a new attorney, James Spies.

Despite the court's order, Young was never transferred to Larned for his follow-up evaluation. Instead, he remained in jail for over two months, awaiting open bed space at the state hospital. When more than 60 days had passed since the district court's competency order, Spies—on behalf of Young—moved to reconsider the order, stating that the effects of Young's head injury had diminished and he now seemed competent to stand trial. The district court ordered another evaluation that found—four months after the initial evaluation—that Young's memory functions had improved and he was now competent. After a hearing, the district court adopted these findings and found Young competent to stand trial.

Before trial, Young moved to suppress evidence from the car stop, arguing that the statute and identical ordinance justifying the stop were unconstitutionally vague and the ensuing search was unreasonable. The district court ultimately denied the motion on both grounds after a hearing. The case proceeded to a bench trial on stipulated facts, and the district court found Young guilty on all counts.

Before sentencing, Young moved for downward dispositional and durational departures. In support, he argued that drug addiction drove his criminal behavior, citing a recent clinical assessment—which is not in the record—from Heartland RADAC that found he had "Amphetamine-type use disorder" and "severe Phencyclidine use disorder." According to Young's motion, this assessment also recommended Young for residential drug treatment. The district court denied Young's departure motion and sentenced him to 123 months in prison.

Young appealed his convictions to this court, reiterating his suppression-motion arguments. *State v. Young*, No. 120,126, 2019 WL 6041494 (Kan. App. 2019) (unpublished opinion), *rev. denied* 312 Kan. 901 (2020). He asserted the statute and ordinance justifying the car stop are unconstitutionally vague, the decision to impound the car was unreasonable, and searching containers in the car was unreasonable. We disagreed with all his arguments and affirmed his convictions. 2019 WL 6041494, at *1.

Young then filed a timely pro se request for relief under K.S.A. 60-1507. In his motion, he again argued that the relevant traffic statute and ordinance were unconstitutional. He also argued that the car stop and search were illegal because the officer conducting the stop noted that Young was in a "'Drug Activity Area'" before stopping him. Finally, Young asserted that his trial attorney provided ineffective assistance of counsel by failing to investigate Young's mental-health and drug-abuse history thoroughly enough, which would have supported a nonprison sentence. Young's

motion also separately stated that his attorney failed to present a mental-defect defense based on Young's drug-abuse history.

The district court denied Young's motion without appointing an attorney or holding a hearing. The court determined that Young was collaterally estopped from raising his vagueness arguments because he litigated them on direct appeal, and his argument about the legality of the car stop was a trial error inappropriate for a K.S.A. 60-1507 motion. The court also rejected Young's constitutional challenges to his attorney's actions, finding that Young's claim regarding his departure motion was contrary to the record and that Young's claim about failing to raise a mental-defect defense was unsupported and conclusory. Young now appeals.

DISCUSSION

Young focuses his appeal on the ineffective-assistance-of-counsel claim, abandoning the other issues in his motion. *Cooke v. Gillespie*, 285 Kan. 748, Syl. ¶ 6, 176 P.3d 144 (2008) (issues not briefed are "deemed waived or abandoned"); see also *Trotter v. State*, 288 Kan. 112, Syl. ¶ 8, 200 P.3d 1236 (2009) (K.S.A. 60-1507 motion is not the proper mechanism to correct trial errors or to replace a direct appeal); Supreme Court Rule 183(c)(3) (2022 Kan. S. Ct. R. at 242). Young argues that the district court's decision not to hold an evidentiary hearing on his ineffective-assistance claim leaves this court without a sufficient record to rule on the merits. According to Young, a hearing is necessary for the district court to determine if there is anything to his claim—specifically, to determine whether Spies consulted Young about a mental-defect defense. We disagree.

K.S.A. 60-1507 provides a collateral vehicle for those convicted of crimes to challenge the fairness of the underlying proceedings. See K.S.A. 2021 Supp. 60-1507(a). A court considering a K.S.A. 60-1507 motion may take three courses of action, depending on the motion's contents. First, the court may summarily deny the motion

4

without a hearing if the motion, files, and records from the case conclusively show the movant is not entitled to relief. Second, the court may order a preliminary hearing and appoint the movant counsel. Third, when "the motion and the files and records of the case" do not "conclusively show that the prisoner is entitled to no relief," the court must hold an evidentiary hearing. K.S.A. 2021 Supp. 60-1507(b); see *Hayes v. State*, 307 Kan. 9, 12, 404 P.3d 676 (2017).

When the court denies a K.S.A. 60-1507 motion without an evidentiary hearing—as the district court did here—the appellate court is in just as good a position as the district court to consider the merits. We thus review the district court's rulings de novo. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014). And though we liberally construe pro se pleadings, a person filing a K.S.A. 60-1507 motion still must allege facts that warrant a hearing. *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018). Conclusory allegations with no evidentiary basis in the record are not enough to carry the movant's burden. 307 Kan. at 304.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the effective assistance of an attorney. See U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 684-85, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A person claiming he or she was denied that right must show that his or her attorney's performance was constitutionally deficient and that the deficiency prejudiced the person so much as to deprive him or her of a fair trial. 466 U.S. at 687; *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985) (adopting the *Strickland* approach in Kansas).

Courts are highly deferential when reviewing an attorney's performance, making every effort "'to eliminate the distorting effects of hindsight.'" *Edgar v. State*, 294 Kan. 828, 838, 283 P.3d 152 (2012). There is a strong presumption that the attorney performed reasonably. 294 Kan. at 838. Under the prejudice inquiry, a person must show "'a

reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.'" 294 Kan. at 838.

Young's claims center on his drug addiction and its relation to a possible mental-defect defense. In essence, he asserts that his drug-abuse history is a mental defect that drives his criminal behavior. Thus, he contends, Spies should have better investigated Young's addiction, which could have allowed Young to serve his sentence in drug treatment instead of prison. Young also asserts that Spies "failed to present a Mental Defect Defense based on [Young]'s drug use history." Though these claims are similar and Young does not clearly differentiate them, one seems to apply to Spies' performance at sentencing while the other seems to assert a failure to more generally raise a mental-defect defense during Young's trial. We find neither claim persuasive.

Under Kansas law, a person cannot be liable for a crime if, "as a result of mental disease or defect, [the person] lacked the culpable mental state required as an element of the crime charged." K.S.A. 2021 Supp. 21-5209. Drug use causing temporary incapacity cannot support this defense, but "[e]vidence of defendant's permanent mental incapacity due to long-term use of intoxicants may support a mental disease or defect defense." *State v. Cheever*, 295 Kan. 229, Syl. ¶ 7, 284 P.3d 1007 (2012), *vacated and remanded on other grounds*, 571 U.S. 87, 134 S. Ct. 596, 187 L. Ed. 2d 519 (2013); *In re Mason*, 245 Kan. 111, 114, 775 P.2d 179 (1989).

Turning first to his claim regarding a mental-defect defense at trial, Young asserts that Spies "failed to present a Mental Defect Defense based on [Young]'s drug use history." But other than his summary assertion that his attorney should have presented a mental-defect defense, Young provides no evidence to support his allegation. This allegation, standing alone, is not enough to warrant an evidentiary hearing. Rather, a person "must state an evidentiary basis in support of the claims, or an evidentiary basis must appear in the record." *Swenson v. State*, 284 Kan. 931, Syl. ¶ 2, 169 P.3d 298

6

(2007). In other words, the motion "must set forth a factual background, names of witnesses, or other sources of evidence to demonstrate that the movant is entitled to relief." 284 Kan. 931, Syl. ¶ 2.

To support his claim, Young's motion mentions the Heartland alcohol-and-drug evaluation referenced at sentencing and its drug-related diagnoses and treatment recommendation. The actual assessment is not in the record, though Young attaches to his brief part of Spies' departure motion and a referral form from the person who conducted this assessment, which referred Young for intermediate 28-day drug treatment. But contrary to Young's arguments on appeal, this information standing alone did not support a mental-defect defense under K.S.A. 2021 Supp. 21-5209. Though Young highlights facts showing that he had a drug-abuse problem and could benefit from treatment, he provides no evidence to demonstrate that his drug problem was so pervasive and severe it could have supported a mental-defect defense. And he does not demonstrate why Spies' decision not to pursue a vague mental-defect defense, but instead to focus on Young's challenges to the traffic stop and vehicle search, was constitutionally defective. The district court did not err when it summarily denied this claim.

Nor did Young's assertions regarding Spies' representation at sentencing warrant an evidentiary hearing. Young asserts that if Spies had investigated his drug-abuse history and mental health more thoroughly, Young might have received a nonprison sentence of drug treatment. As factual support, Young notes his Heartland assessment showed he suffered severe amphetamine-type use disorder and severe phencyclidine-use disorder and recommended drug treatment. But as the district court noted in this case, Spies presented this evidence to the district court at sentencing as part of his departure motion. The fact that Spies was not ultimately successful in his departure request does not render his representation deficient. The district court did not err when it rejected Young's ineffectiveness argument related to Spies' performance in investigating Young's drug addiction and pursuing a nonprison sentence.

For the first time on appeal, Young also extends the ineffectiveness argument to include a claim that Spies was ineffective for failing to pursue a mental-defect defense *based on Young's head injury*—a separate basis from Young's drug-abuse history. But Young did not raise this basis to the district court. Generally, appellate courts will not consider issues, including constitutional issues, raised for the first time on appeal. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). There are exceptions to this rule, but a party must explain why those exceptions warrant consideration of the unpreserved issue. 301 Kan. at 1043; Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 35). Young's motion did not raise the head-injury basis for his ineffectiveness claim—only the drug-abuse basis. And his brief does not explain why this court should or even can consider the claim now—because Young did not raise it before the district court, there is no ruling this court could meaningfully review. We conclude that this issue is not properly before us and decline to consider it further.

Young has not presented any evidence or rationale that should have been tested through an evidentiary hearing. In short, he had not apprised us of any error by the district court in summarily denying his K.S.A. 60-1507 motion.

Affirmed.